1  Alexander Hernaez (SBN: 201441)
   ahernaez@foxrothschild.com
2  Lee Szor (SBN: 276381)
   lszor@foxrothschild.com
3  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
4  San Francisco, CA 94104
   Telephone:   415.364.5540
5  Facsimile:   415.391.4436

6  Attorneys for Defendant SPACEX

7

8

9

10

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 3 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GILBERT GUZMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>SPACE EXPLORATION<br>TECHNOLOGIES CORP., a Delaware<br>corporation; and DOES 1 through 60,<br>inclusive,<br><br>            Defendants. | Case No.: BC574495<br><br>Hon. Ruth Ann Kwan, Dept. 72<br><br>**DEFENDANT SPACEX'S ANSWER TO<br>PLAINTIFF'S COMPLAINT FOR<br>DAMAGES**<br><br>Complaint Filed:   March 9, 2015 |

19

20      Defendant SpaceX ("Defendant") submits its Answer to the Complaint for Damages

21  ("Complaint") of Plaintiff Gilbert Guzman ("Plaintiff") as follows:

22                              GENERAL DENIAL

23      Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

24  Defendant generally denies each and every allegation in the Complaint. Defendant further

25  denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on

26  the part of Defendant, denies that Plaintiff has been injured or damaged in any amount

27  whatsoever, and denies that Defendant owes Plaintiff any amount whatsoever.

28  ///

29562470 1

## AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Neither the Complaint nor any cause of action set forth in the Complaint states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to those set forth in the provisions of California Code of Civil Procedures sections 335.1, 337, 338, 339, 340, and 343, Government Code sections 12960 and 12965, and any other applicable statute of limitation.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

The Complaint is barred because appropriate administrative remedies have not been exhausted as to Defendant and/or as to any alleged cause of action that has not been made the subject of a timely administrative charge filed with the Department of Fair Employment and Housing or other similar agency as required by California Government Code section 12960, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

**(Settlement and Release of Claims)**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, or at least limited, to the extent Plaintiff previously settled and released his claims against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Laches, Excuse, Mistake, and Unclean Hands)**

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, excuse, mistake, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

Plaintiff's recovery is limited in whole or in part by the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred or diminished by the failure of Plaintiff to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

### (Losses Caused by Plaintiff)

Defendant, denying any wrongdoing on its part, and expressly denying that Plaintiff has been damaged as alleged, asserts that any damage or pecuniary loss Plaintiff has sustained has been proximately caused by Plaintiff's own actions or inactions.

## NINTH AFFIRMATIVE DEFENSE

### (No Injury to Plaintiff / Losses *De Minimis*)

Defendant, denying any wrongdoing on its part, asserts that Plaintiff has not suffered any injury, damage, loss or harm due to any actions of Defendant or any failure to act by Defendant, or that any damage or pecuniary loss Plaintiff has sustained is *de minimis*.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Attorneys' Fees)

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Any claim for punitive damages is unconstitutional under the California and Federal Constitutions and in particular pursuant to the due process, equal protection and/or excessive fines clauses contained therein.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State Claim to Support Punitive Damages)

Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a)  Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice (Cal. Civ. Code § 3294(a));

(b)  Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or intent; and

(c)  Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others (Cal. Civ. Code § 3294(b)).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Exclusivity)

Plaintiff's claims, to the extent they are based in whole or in part upon any alleged physical or emotional injury or distress, are barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Business Reasons)

There were legitimate, non-retaliatory, nondiscriminatory business reasons for the decisions about which Plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Employment)

Defendant is not liable for any acts or omissions of any person who was not acting within the course and scope of his/her duties as an employee, agent, director, officer, or constituent member of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Actions Outside Control of Defendant)

Any harm or injury suffered by Plaintiff, the existence of such harm or injury being specifically denied, is the result of the actions of others not within the control of Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Wrongful Conduct By Managing Agents)

Plaintiff has not alleged and/or cannot demonstrate any wrongful conduct by any managing agents, and Defendant further alleges that it never ratified or condoned any unlawful or tortious conduct of any employee or individuals.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Non-Willful Conduct)

Even if the misconduct as alleged by Plaintiff occurred, which Defendant denies, such misconduct was not carried out in conscious disregard of Plaintiff's rights, nor was it willful, intentional, knowing or deliberate.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Malice / Good Faith)

Some or all of Plaintiff's claims for damages alleged in the Complaint are barred in that all decisions and actions of Defendant with respect to the subject matter of this lawsuit were undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper and justified means to further its legitimate economic interests.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably delayed in taking, or failed to take, advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

///

///

4
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No. BC574495

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Plead with Sufficient Particularity)

Plaintiff has failed to set out his claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses as the factual basis for these claims become known.

## TWENTY-SECOND AFFIRMATIVE DEFENSE\

### (Allegations Exceed Scope of Administrative Complaint)

Plaintiff's claims are barred in whole or in part to the extent the acts or omissions alleged in Plaintiff's Complaint exceed the allegations alleged in Plaintiff's administrative complaint of discrimination to the California Department of Fair Employment and Housing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative and Uncertain Damages)

Plaintiff's damages, if any, are speculative and uncertain and thus cannot be recovered.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's claims are barred in whole or in part, or the relief under such claims is limited, because Plaintiff consented to the alleged conduct.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Privilege / Justification)

Plaintiff's claims are barred in whole or in part because any alleged acts and/or omissions attributable to Defendant were justified and/or privileged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

Plaintiff's claims are barred in whole or in part because any proposed accommodations of Plaintiff's alleged disability would create an undue hardship to the operation of Defendant's business.

/ / /

/ / /

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Health or Safety Risk)

Plaintiff's claims are barred in whole or in part because, even with reasonable accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one essential job duty without endangering his health or safety or the health or safety of others.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Inability to Perform Essential Job Duty)

Plaintiff's claims are barred in whole or in part because, even with reasonable accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one essential job duty.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Certification from Health Care Provider)

Plaintiff's claims are barred in whole or in part because Plaintiff did not provide a health-care provider's certification of his need for leave.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Employment Would Have Ceased)

Defendant was not required to allow Plaintiff to return to work when his medical leave ended because his employment would have ended for other reasons.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

WHEREFORE, Defendant prays:

1.   That Plaintiff take nothing by the Complaint;

2.   That the Complaint be dismissed with prejudice;

4.   That Defendant recovers its costs of suit herein, including reasonable attorneys' fees; and

/ / /

1    5.    That this Court grant such other further relief as it may deem appropriate.

2   Dated:  April 23, 2015                          FOX ROTHSCHILD LLP

3

4                                           By:  _____
                                                 Lee Szor
5                                                Attorneys for Defendant SPACEX

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**

2
    I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action; my business address is:  345 California Street, Suite 2200, San Francisco, CA 94104.

3

4
    On April 23, 2015, I served the foregoing documents:

5
    **DEFENDANT SPACEX'S ANSWER TO PLAINTIFF'S COMPLAINT**

6
on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

7

8
Douglas N. Silverstein, Esq.              *Attorneys for Plaintiff*
Michael G. Jacob, Esq.
Kesluk, Silverstein & Jacob, P.C.

9
9255 Sunset Boulevard, Ste. 411
Los Angeles, CA  90069

10
*T: 310.273.3180*
*F: 310.273.6137*

11

12
☑    **BY FIRST-CLASS MAIL:**  I caused said document(s) to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being served for collection and mailing on that date following ordinary business practices.

13

14
☑    **[STATE]**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

16
    Executed April 23, 2015, at San Francisco, California.

17

18
                 An Employee of Fox Rothschild LLP

19

20

21

22

23

24

25

26

27

28

29562470_1

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No. BC560127