# EXHIBIT B

1  Alexander Hernaez (SBN: 201441)
   ahernaez@foxrothschild.com
2  Lee Szor (SBN: 276381)
   lszor@foxrothschild.com
3  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
4  San Francisco, CA 94104
   Telephone:  415.364.5540
5  Facsimile:   415.391.4436

6  Attorneys for Defendant SPACEX

7

8
                    UNITED STATED DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11

12 | GILBERT GUZMAN,                          | Case No.: _____
13 |                       Plaintiff,
   |                                          | NOTICE OF REMOVAL
14 |        v.
   |
15 | SPACE EXPLORATION
   | TECHNOLOGIES CORP., a Delaware
16 | corporation; and DOES 1 through 60,
   | inclusive,
17 |                       Defendants.

18

19

20

21

22

23

24

25

26

27

28

29562470_1
NOTICE OF REMOVAL                                                Case No.: _____

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant SpaceX ("Defendant") hereby removes to this Court the state court action described below. The basis for removal is federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

1. On March 9, 2015, Plaintiff Gilbert Guzman ("Plaintiff") filed the instant Complaint in the Superior Court of California for the County of Los Angeles, captioned, *Gilbert Guzman v. Space Exploration Technologies Corp., a Delaware corporation; and DOES 1 through 60, inclusive*, Case No. BC574495.

2. True and correct copies of the Complaint and summons, as well as other pleadings and documents from the state court's file, are attached to the Declaration of Lee B. Szor in Support of Defendant's Notice of Removal ("Szor Decl.") filed herewith as **Exhibit A.**

3. It is not clear from the face of Plaintiff's Complaint whether the Sixth Cause of Action asserts a claim under the Family and Medical Leave Act ("FMLA"). (Szor Decl. at ¶ 3). In particular, the title of the Sixth Cause of Action in the body of the Complaint is "Interference With Leave in Violation of The California Family Rights Act" and California statutory provisions are the only ones cited. (Szor Decl., Exhibit 1, Complaint at ¶¶ 79-91).

4. Where, as here, the existence of a federal claim is uncertain from the face of the plaintiff's complaint, the right to remove is triggered when the defendant first receives notice that the action is, in fact, based on a federal claim. (Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2015) § 2:3248); *see also* 28 U.S.C. § 1446(b)(3). A defendant is not required to speculate facts that support removal jurisdiction. *Jong v. Gen. Motors Corp.*, 359 F.Supp. 223, 226 (N.D. Cal. 1973). Indeed, it is well-settled that, where federal jurisdiction is unclear from the face of a complaint, a defendant can propound discovery to ascertain removability pursuant to 28 U.S.C. § 1446(b)(e). *Carvalho v. Equifax Information Services, LLC*, Case No. C 08-1317 JF (HRL), 2008 WL 2693625, at *3 (N.D. Cal. July 7, 2008) ("…Ninth Circuit case law does allow discovery responses to serve as 'other paper' to ascertain removability pursuant to § 1446(b).") (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).

1

NOTICE OF REMOVAL                                                                    Case No.: _____

1      5.    Consistent with this case law, Defendant served Requests for Admissions ("RFAs") on April 30, 2015, including RFA No. 18, which asked: "Admit you are not pursuing a claim under the federal Family Medical Leave Act." (Szor Decl., Exhibit 2; *see also* Szor Decl. at ¶¶ 3-4). Plaintiff served responses to RFAs on July 9, 2015, including a denial of RFA No. 18. (Szor Decl., Exhibit 3; *see also* Szor Decl. at ¶ 5).

    6.    Thus, the earliest date Defendant received notice that Plaintiff is, in fact, pursuing a federal FMLA claim was July 9, 2015 (assuming Defendant received Plaintiff's responses to RFAs the same day they were served). (*See* Szor Decl., Exhibit 3). This Notice of Removal is timely because it was filed within 30 days of Defendant first receiving notice that Plaintiff is, in fact, alleging a claim under the FMLA. 28 U.S.C. § 1446(b)(3).

### Federal Question Jurisdiction

    7.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331; *see also Amante v. VWR International, LLC*, Case No. C 13-cv-03206-JSC, 2013 WL 5187075, at *1 (N.D. Cal. Sept. 16, 2013) ("Because Plaintiff concedes that her Complaint alleged a federal [FMLA] claim[,] ... removal was proper under 28 U.S.C. Section 1331...."). This case may therefore be removed by Defendant pursuant to 28 U.S.C. § 1441(a) in that it contains claims for Interference With Leave in Violation of the FMLA and CFRA (Count Six); Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA") (Count One); Failure to Engage in the Interactive Process in Violation of FEHA (Count Two); Failure to Accommodate Disability in Violation of FEHA (Count 3); Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation in Violation of FEHA (Count 4); Retaliation in Violation of FEHA (Count 5); and Wrongful Termination in Violation of Public Policy (Count Seven). Count Six arises under the FMLA, and the Court possesses supplemental jurisdiction pursuant to 28 U.S.C. § 1441(c) over the remaining claims.

### Facts Supporting Federal Question Jurisdiction

    8.    In response to Defendant's RFA No. 18, Plaintiff has clarified that he is, in fact, pursuing a claim under the FMLA. (*See* Szor Decl., Exhibit 3).

### Plaintiff's Complaint States a Federal Claim for Interference With Leave in Violation of the FMLA

9. When removal is based on federal question jurisdiction, courts look to the face of the "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). Generally, the well-pleaded complaint rule allows a plaintiff "to avoid federal jurisdiction by exclusive reliance on state law." *Id.* But where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law[,]" a federal court may exercise removal jurisdiction. *Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust for S. Calif.*, 463 U.S. 1, 27-28 (1983).

10. Occasionally, however, "the existence of a federal claim is uncertain" from the face of the plaintiff's complaint. (Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2015) § 2:3248); *see also Akin v. Big Three Industries*, 851 F.Supp. 819, 825 (E.D. Tex. 1994) (the existence of federal jurisdiction on the face of the plaintiffs' state court complaint was "ambiguous" where the complaint was "subject to two reasonable constructions"). "The right to remove in such cases is triggered when defendant first receives notice that the action is, in fact, based on a federal claim." *Id.*; *see also Rose v. Beverly Health and Rehabilitation Servs., Inc.*, Case No. 1:06cv0067 AWI DLB, 2006 WL 2067060, at *4 (E.D. Cal. July 22, 2006) ("[T]he defendant does not have to speculate as to the facts that form the basis for removal jurisdiction."). Indeed, 28 U.S.C. § 1446(b)(3) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). "[M]any courts have held that discovery responses can serve as 'other papers' within the meaning of § 1446(b)." *Akin*, 851 F.Supp. at 825; *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); *Rico-*

NOTICE OF REMOVAL 3 Case No.: _____

1. *Chinn v. Prudential Ins. Co. of America*, Case No. C-05-01975 MMC, 2005 WL 1632289, at *4 (N.D. Cal. July 12, 2005).

11. Here, as in *Akin*, federal jurisdiction is not clear from the face of Plaintiff's Complaint, because the Complaint is subject to two reasonable constructions. In fact, the body of Plaintiff's Complaint suggests the Sixth Cause of Action may be brought solely under the California Family Rights Act ("CFRA"). This claim is entitled "Interference With Leave in Violation of The California Family Rights Act[.]" (Szor Decl., Exhibit 1, Complaint at ¶¶ 79-91). Further, California statutory provisions are the only ones cited in the body of this claim. (*Id.*).

12. Given this ambiguity, Defendant propounded RFA No. 18 to determine whether Plaintiff is pursuing a claim under the FMLA. (Szor Decl., Exhibit 2; *see also* Szor Decl. at ¶¶ 3-4). Plaintiff's response to RFA No. 18 clarified that he is, in fact, bringing a claim under the FMLA. (Szor Decl., Exhibit 3; *see also* Szor Decl. at ¶ 5). Only now is it apparent that Plaintiff's Complaint states a FMLA claim.

### Supplemental Jurisdiction Exists Over Counts One through Five and Seven

13. Pursuant to 28 U.S.C. § 1441(c), the removal of this entire action is proper based upon the existence of federal question jurisdiction over Count 6 alone.

### Venue

14. A substantial part of the events or alleged acts or omissions giving rise to this lawsuit occurred in Los Angeles County, California. According to this Court's "Jurisdiction Map for the Central District of California[,]" this means that the Western Division of the Central District of California can serve as a proper venue for this action.

### Notifications

15. Defendant asked Plaintiff to stipulate to this removal, and Plaintiff declined. (Szor Decl. at ¶ 6).

16. As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice to Plaintiff of removal of this action to federal court. Defendant will also file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles, from which this action was removed.

Dated: August 7, 2015

FOX ROTHSCHILD LLP

By: /s/ Lee Szor
Lee Szor
Attorneys for Defendant SPACEX

NOTICE OF REMOVAL

Case No.: _____

5

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

On August 7, 2015, I served the foregoing documents:

## NOTICE OF REMOVAL

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

Douglas N. Silverstein, Esq.          *Attorneys for Plaintiff*
Michael G. Jacob, Esq.
Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Boulevard, Ste. 411
Los Angeles, CA 90069
T: 310.273.3180
F: 310.273.6137

☑ **BY FIRST-CLASS MAIL:** I caused said document(s) to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being served for collection and mailing on that date following ordinary business practices.

☑ **[STATE]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 7, 2015, at San Francisco, California.

/s/ Karen R. Beaton
An Employee of Fox Rothschild LLP

29562470_1
NOTICE OF REMOVAL                                                Case No.: _____