# EXHIBIT C

Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Lee Szor (SBN: 276381)
lszor@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone:   415.364.5540
Facsimile:    415.391.4436

Attorneys for Defendant SPACEX

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation; and DOES 1 through 60, inclusive,<br><br>            Defendants. | Case No.: _____<br><br>**DECLARATION OF LEE B. SZOR IN SUPPORT OF NOTICE OF REMOVAL** |

29562470_1
DECLARATION OF LEE B. SZOR IN SUPPORT OF NOTICE OF REMOVAL           Case No.: _____

I, Lee B. Szor, hereby declare:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am an associate with Fox Rothschild LLP, counsel of record for Defendant SpaceX in this case. I make this declaration in support of Defendant's Notice of Removal. If called as a witness, I could and would testify to the facts stated in this declaration, all of which are within my personal knowledge.

2. On August 6, 2015, I caused to be downloaded from the Los Angeles Superior Court's online case records system copies of the summons, complaint, and all other process, pleadings, and orders in connection with the action entitled *Gilbert Guzman v. Space Explorations Technologies Corp., a Delaware corporation; and DOES 1 through 60, inclusive,* Case No. BC574495. Attached hereto as **Exhibit 1** are true and correct copies of the summons, complaint, and other process, pleadings, and orders from the Los Angeles Superior Court's file.

3. It is unclear from the face of Plaintiff's Complaint whether the Sixth Cause of Action is brought solely pursuant to the California Family Rights Act ("CFRA") or whether the Complaint also asserts a claim under the Family and Medical Leave Act ("FMLA").

4. Accordingly, on April 30, 2015, Defendant served its Requests for Admission ("RFA") No. 18, which asks Plaintiff to "[a]dmit that you are not pursuing a claim under the federal Family Medical Leave Act." Attached hereto as **Exhibit 2** is a true and correct copy of Defendant's Requests for Admission to Plaintiff, Set One. The purpose of this request was to clarify whether Plaintiff is actually pursuing a claim under the FMLA.

5. On July 9, 2015, Plaintiff served responses to Defendant's RFAs. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's Responses to Requests for Admission Set One. Plaintiff's response to Request for Admission No. 18 is "Deny." (Exhibit 3). Thus, Plaintiff clarified that he is, in fact, pursuing a claim under the FMLA.

6. On August 4, 2015, I emailed Plaintiff's counsel, Michael G. Jacob, asking him to consent to this removal. Mr. Jacob declined to consent to removal on August 6, 2015.

1

DECLARATION OF LEE B. SZOR IN SUPPORT OF NOTICE OF REMOVAL      Case No.: _____

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and based upon my person knowledge. Executed this 7th day of
3  August, 2015, in San Francisco, California.

/s/ Lee B. Szor
Lee B. Szor

2
DECLARATION OF LEE B. SZOR IN SUPPORT OF NOTICE OF REMOVAL      Case No.: _____

Case 2:15-cv-06000 Document 1-1 Filed 08/07/15 Page 5 of 5 Page ID #:12

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

On the date indicated below, I served the foregoing document(s):

**DECLARATION OF LEE B. SZOR IN SUPPORT OF NOTICE OF REMOVAL**

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

Douglas N. Silverstein, Esq.                *Attorneys for Plaintiff*
Michael G. Jacob, Esq.
Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Boulevard, Ste. 411
Los Angeles, CA 90069
T: 310.273.3180
F: 310.273.6137

☑ **BY FIRST-CLASS MAIL:** I caused said document(s) to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being served for collection and mailing on that date following ordinary business practices.

☑ **[STATE]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 7, 2015, at San Francisco, California.

/s/ Karen R. Beaton
An Employee of Fox Rothschild LLP

29562470_1
DECLARATION OF LEE B. SZOR IN SUPPORT OF NOTICE OF REMOVAL          Case No.: _____

# EXHIBIT 1

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>NOTICE TO DEFENDANT: SPACE EXPLORATION TECHNOLOGIES<br>*(AVISO AL DEMANDADO):* CORP., a Delaware Corporation; and DOES 1 through 60, inclusive,<br><br>YOU ARE BEING SUED BY PLAINTIFF: GILBERT GUZMAN, an<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, | **SUM-100**<br>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 09 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cristina Grijalva, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, CA 90012<br>Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):* **BC 574 495** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas N. Silverstein, Esq. (SBN 181957)        (310) 273-3180 phone  (310) 273-6137 fax
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411, Los Angeles, CA 90069

DATE:                                  SHERRI CARTER    Clerk, by _CRISTINA GRIJALVA_, Deputy
*(Fecha)*                                           *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]   MAR 09 2015

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Douglas N. Silverstein, Esq. (SBN 181957)<br>Michael G. Jacob, Esq. (SBN 229939)<br>KESLUK, SILVERSTEIN & JACOB, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, CA 90069<br>TELEPHONE NO.: (310) 273-3180    FAX NO. (Optional): (310) 273-6137<br>E-MAIL ADDRESS (Optional): mjacob@californialaborlawattorney.com<br>ATTORNEY FOR (Name): Plaintiff GILBERT GUZMAN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Gilbert Guzman

DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 574495 |
|---|---|

TO (insert name of party being served): SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 16, 2015

Michael Bew
(TYPE OR PRINT NAME)    ▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): Voluntary Efficient Litigation Stipulations, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment

(To be completed by recipient):
Date this form is signed:

_____    ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Code of Civil Procedure,
§§ 415.30, 417.10

1  Douglas N. Silverstein, Esq. (SBN 181957)
   Michael G. Jacob, Esq. (SBN 229939)
2  KESLUK, SILVERSTEIN & JACOB, P.C.
3  9255 Sunset Boulevard, Suite 411
   Los Angeles, California 90069-3309
4  Telephone: (310) 273-3180
   Facsimile: (310) 273-6137
5  dsilverstein@californialaborlawattorney.com
   mjacob@californialaborlawattorney.com
6
7  Attorneys for Plaintiff GILBERT GUZMAN

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 09 2015

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10  GILBERT GUZMAN, an individual,           CASE NO. BC 574 495
11         Plaintiff,                        PLAINTIFF'S COMPLAINT FOR DAMAGES
12     v.
                                             1. Disability Discrimination in Violation of FEHA;
13  SPACE EXPLORATION
    TECHNOLOGIES CORP., a Delaware           2. Failure to Engage in the Interactive Process in Violation of FEHA;
14  Corporation; and DOES 1 through 60,
    inclusive,                               3. Failure to Accommodate Disability in Violation of FEHA;
15
           Defendants.                       4. Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation;
16
                                             5. Retaliation in Violation of FEHA;
17
                                             6. Interference With Leave in Violation of CFRA/FMLA; and
18
                                             7. Wrongful Termination in Violation of Public Policy.
19
20                                           PUNITIVE DAMAGES
21                                           DEMAND FOR JURY TRIAL
22
                                             UNLIMITED JURISDICTION
23
24
25      Plaintiff GILBERT GUZMAN ("Plaintiff") alleges as follows:
26      1.    Plaintiff GILBERT GUZMAN is, and at all material times was, an individual
27  residing in the County of Los Angeles, State of California.
28  ///

Kesluk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

2. Defendant SPACE EXPLORATION TECHNOLOGIES CORP. ("SPACEX" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, an Delaware corporation authorized to do business in the County of Los Angeles, State of California. Defendant operated out of an office located at 1 Rocket Rd., Hawthorne CA.

3. Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants. Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4. Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

5. Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

6. Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendant DOES 1 to 60, inclusive, were the agents, servants, partners, employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners and/or joint-venturers with the permission, consent and approval, or subsequent ratification of their co-Defendants.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

7. Plaintiff is further informed, and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants.

8. Plaintiff is further informed, and believes, and on that basis alleges that Defendant and DOE Defendants failed to adhere to corporate and legal formalities. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

9. Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

10. Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to Defendants. All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

## GENERAL ALLEGATIONS

11. Mr. Guzman began working for the Company as a Propulsion Technician on or about August 15, 2008.

12. On or about July 7, 2014, Mr. Guzman emailed Jacob Braff (Supervisor, Propulsion Production) and Gustavo Litvin (Group Lead), indicating that he was experiencing disabling lower back pain.

13. On July 8, 2014, Mr. Guzman notified Heather Lord (Human Resources/Recruiting, Benefits & Relocation Specialist) that his doctor placed him on two (2) weeks of bed rest as a result of a disability. He provided a doctor's note and told her that he

planned to return to work as soon as his doctors cleared him to return to work.

14. On July 18, 2014, CEO Elon Musk indicated in an email that raises and bonuses for employees would go into effect on August 1, 2014.

15. On July 21, 2014, Mr. Guzman's doctor prescribed additional leave through August 7, 2014, and on that date, extended his leave until August 22, 2014.

16. On July 22, 2014, the Company was notified by Mr. Guzman's counsel that the leave was a result of an industrial injury and that it should communicate with his counsel regarding the accident.

17. On August 6, 2014, Mr. Guzman requested his written review and complained he had not received a retroactive raise in connection with Mr. Musk's July 18, 2014 email. Mr. Braff insisted upon meeting with Mr. Guzman before finalizing the review.

18. Following up on his complaint, Mr. Guzman indicated he had various questions that remained and inquired who he should speak to in Human Resources to address them.

19. On August 6, 2014, Monica Juaregui (Security Officer) emailed Long Kim Tran (Human Resources), advising Tran to contact Mr. Guzman to address his various questions. The Company nonetheless never contacted or attempted to contact Mr. Guzman or his counsel to determine his medical condition or his expected date of return in breach of the Company's duty to engage in an interactive process.

20. On August 7, 2014, the Company wrongfully terminated Mr. Guzman under the pretense of job abandonment. The "Closing Statement," prepared at 3:03:32 P.M., lists his Termination Date as August 8, 2014.

21. Human Resource Manager Catalina "Cat" Pham informed Mr. Guzman of the termination.

///
///
///

Keslui, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

(Against Defendant and DOES 1-60, inclusive)

22. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

23. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 et seq., was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of his physical and/or mental disability.

24. Prior to Plaintiff's termination and due to his physical and/or mental disability, Plaintiff was limited in the major life activities including working. Nevertheless, Plaintiff could perform the essential functions of his position with or without a reasonable accommodation. As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

25. Defendants, and each of them, were aware of Plaintiff's disability as set forth above, because Plaintiff had informed Defendants of his disability, told Defendants of his limitations and requested leave.

26. Defendants perceived and regarded Plaintiff as having a disability.

27. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

28. Defendants terminated Plaintiff because of his disability among other unlawful reasons.

Keslek, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

29. By engaging in the above referenced acts and omissions, Defendant and DOES 1-60, and each of them, discriminated against Plaintiff because of his disability in violation of Government Code §§ 12940 et seq.

30. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

31. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

32. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

33. The acts and conduct of Defendants, and each of them, including, but not limited to Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294©), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

34. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

35. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

///
///
///

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6
PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

(Against Defendant and DOES 1-60, inclusive)

36. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action

37. Pursuant to California Government Code § 12940(n), Defendant and DOES 1-60 inclusive, were required to engage with Plaintiff in a good faith interactive process to determine the extent of his disability and how it could be reasonably accommodated.

38. Plaintiff was at all times ready and willing to engage in the good faith interactive mandated by California Government Code § 12940(n). However, Defendant and DOES 1-60 inclusive, failed to engage in said good faith interactive process with Plaintiff.

39. Defendants terminated Plaintiff's employment as a direct result of Defendant's (and DOES 1-60 inclusive), failure to engage in any good faith interactive process, among other unlawful reasons.

40. By engaging in the above referenced acts and omissions, Defendants, and each of them, and DOES 1-60 inclusive, discriminated against Plaintiff because of his disability in violation of Government Code §§ 12940 *et seq.*

41. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

42. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

43. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

///

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7

PLAINTIFF'S COMPLAINT FOR DAMAGES