1    44.    The acts and conduct of Defendants, and each of them, including, but not limited

2   to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms

3   are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each

4   of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

5   Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

6    45.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

7   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

8   act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers,

9   directors, or managing agents of the corporation. The actions and conduct of Defendants, and

10  each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

11  material facts known to Defendants, and each of them, with the intention on the Defendants' part

12  to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

13  damages in an amount according to proof.

14   46.    Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

15

16                    THIRD CAUSE OF ACTION

17   FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

18             (Against Defendant and DOES 1-60, inclusive)

19   47.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

20  the allegations contained in this Complaint, and incorporates them by reference into this cause of

21  action as though fully set forth herein, excepting those allegations which are inconsistent with this

22  cause of action.

23   48.    Pursuant to California Government Code §§ 12940(m) and 12945(c), Defendant

24  and DOES 1-60 inclusive, were required to reasonably accommodate Plaintiff's disability.

25  Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate

26  reason.

27   49.    By engaging in the above- referenced acts and omissions, Defendants and DOES

28  1-60, and each of them, failed to accommodate Plaintiff's disability.

Keslak, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8
PLAINTIFF'S COMPLAINT FOR DAMAGES

50.     Defendants terminated Plaintiff's employment as a direct result of Defendants' (and DOES 1-60 inclusive) failure to accommodate Plaintiff's known disability, among other unlawful reasons.

51.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

52.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

53.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

54.     The acts and conduct of Defendants, and each of them, including, but not limited to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

55.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

56.     Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

/ / /

/ / /

/ / /

Keshk, Silverstein & Jacob, P.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA

#### (Against Defendant and DOES 1-60, inclusive)

57.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

58.    At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

59.    Defendants and each of them, and DOES 1-60 discriminated against and retaliated against Plaintiff because of Plaintiff's disability and because Plaintiff requested reasonable accommodation and protected leave and took protected leave by wrongfully terminating Plaintiff.

60.    By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful discrimination and retaliation in violation of Government Code §§ 12940 *et seq.*

61.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

62.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

63.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

///

Kesluk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

64. The acts and conduct of Defendants, and each of them, including, but not limited to Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

65. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

66. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

## FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF FEHA
**(Against Defendants, and Each of Them, and DOES 1-60)**

67. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

68. Defendants, and each of them, including their agents, employees and representatives, are subject to suit under Sections 12940, *et seq.*, of the California Fair Employment and Housing Act ("FEHA").

69. On August 6, 2014, Mr. Guzman requested his written review and complained he had not received a retroactive raise as promised in Mr. Musk's July 18, 2014 email. Mr. Braff insisted upon meeting with Mr. Guzman before finalizing the review.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

70.     Following up on his good faith complaint, Mr. Guzman indicated he had various questions that remained and inquired who he should speak to in Human Resources to address them.

71.     Plaintiff took part in the protected activities of complaining about what he reasonable believed to be discrimination and requesting accommodation and taking protected leave as herein alleged. Plaintiff also followed up after his requests were ignored and/or denied.

72.     In retaliation therefore, Defendants terminated Plaintiff's employment.

73.     In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this State against such practices. Specifically, Defendants, and each of them, violated Sections 12940(h) and 12945 of the FEHA.

74.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

75.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

76.     The acts and conduct of Defendants, and each of them, including but not limited to Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

77.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part

Keslsk, Silverstein & Jacob, P.A.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

12

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

2  damages in an amount according to proof.

3       78.    Plaintiff will also seek and is entitled to recover attorneys' fees in connection with

4  this cause of action under Government Code § 12965.

5

6                          SIXTH CAUSE OF ACTION

7                          INTERFERENCE WITH LEAVE

8            IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

9                    (Against All Defendants and DOES 1-60, inclusive)

10      79.    As a separate and distinct cause of action, Plaintiff complains and realleges all of

11 the allegations contained in this Complaint, and incorporates them by reference into this cause of

12 action as though fully set forth herein, excepting those allegations which are inconsistent with this

13 cause of action.

14      80.    Plaintiff was an employee of Defendants who qualified for leave due to his own

15 serious health condition pursuant to California Government Code §§ 12945.2, et seq.

16      81.    At all times herein mentioned, Defendants were "Employer[s]" within the

17 definition of Government Code § 12945.2, in that Defendants regularly employed 50 or more

18 people.

19      82.    Plaintiff needed time off to seek care for his own serious health condition and

20 Plaintiff was qualified for protected leave under California Family Rights Act/Family Medical

21 Leave Act for his own serious health condition.

22      83.    Defendants, and each of them, and DOES 1 to 60, inclusive, interfered with

23 Plaintiff's protected leave and terminated Plaintiff's employment in retaliation for requesting and

24 taking his protected leave.

25      84.    Defendants, and each of them, failed to adhere to their duties to provide Notice in

26 accordance with the regulations governing the California Family Rights Act/Family Medical

27 Leave Act.

28 ///

Krekik, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

                                        13

85.     Defendants are estopped from asserting that Plaintiff was not entitled to leave as a result of their acts and omissions.

86.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

87.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

88.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

89.     The acts and conduct of Defendants, and each of them, including, but not limited to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294©), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

90.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

91.     Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

///

///

///

Keshk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION VIOLATION OF PUBLIC POLICY

#### (Against Defendant and DOES 1-60, inclusive)

92.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

93.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, was to prohibit employers from harassing, discriminating and retaliating against any individual based on perceived and/or physical disability(s), and/or based upon exercise of rights under that section. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and terminating Plaintiff's employment on the grounds stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq*., and the laws and regulations promulgated thereunder.

94.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12945.2, was to prohibit employers from discriminating and retaliating against any individual based on their taking leave, requesting or needing accommodation. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

95.    Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and terminating Plaintiff's employment on the grounds stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12945.2, *et seq*., and the laws and regulations promulgated there

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

15
PLAINTIFF'S COMPLAINT FOR DAMAGES

1    under.

2        96.    Defendant's discharge of Plaintiff violated the aforementioned fundamental

3    principles of public policy.

4        97.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

5    continues to sustain economic damages in earnings and other employment benefits in an amount

6    according to proof.

7        98.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

8    continues to sustain non-economic damages and emotional distress, including but not limited to,

9    loss of sleep, anxiety, tension, depression, and humiliation.

10       99.    Plaintiff has sustained general and special damages within the jurisdictional limits

11   of this Court.

12       100.   The acts and conduct of Defendants, and each of them, including, but not limited

13   to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms

14   are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each

15   of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the

16   Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

17       101.   The acts of Defendants, and each of them, were done fraudulently, maliciously and

18   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

19   act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers,

20   directors, or managing agents of the corporation. The actions and conduct of Defendants, and

21   each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

22   material facts known to Defendants, and each of them, with the intention on the Defendants' part

23   to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

24   damages in an amount according to proof.

25   / / /

26   / / /

27   / / /

28

1   ## PRAYER FOR RELIEF

2   WHEREFORE, Plaintiff prays for judgment as follows:

3       1.     General and special damages according to proof;

4       2.     Costs of suit incurred herein, including expert fees;

5       3.     Reasonable attorneys' fees pursuant to Government Code § 12965;

6       4.     Punitive and exemplary damages;

7       5.     A declaratory judgment that the practices complained of herein are unlawful under

8   California law for which claims are herein pleaded;

9       6.     Pre-Judgment and post-judgment interest as provided by law; and

10      7.     Such other and further and equitable relief as this Court deems necessary, just and

11  proper.

12  DATED: March 6, 2015         KESLUK, SILVERSTEIN & JACOB, P.C.

13

14  By _____
    Douglas N. Silverstein, Esq.
    Michael G. Jacob, Esq.
15  Attorneys for Plaintiff GILBERT GUZMAN

16  ## JURY TRIAL DEMAND

17  Plaintiff hereby demands a jury trial on all issues so triable.

18  DATED: March 6, 2015         KESLUK, SILVERSTEIN & JACOB, P.C.

19

20

21  By _____
    Douglas N. Silverstein, Esq.
    Michael G. Jacob, Esq.
22  Attorneys for Plaintiff GILBERT GUZMAN

23

24

25

26

27

28

Kesluk, Silverstein & Jacob, P.C.
6255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

17
PLAINTIFF'S COMPLAINT FOR DAMAGES

CM-010

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Douglas N. Silverstein, Esq. (SBN 181957)<br>Michael G. Jacob, Esq. (SBN 229939)<br>KESLUK, SILVERSTEIN & JACOB, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, CA 90069 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 09 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Cristina Grijalva, Deputy |
| TELEPHONE NO.: (310) 273-3180    FAX NO.: (310) 273-6137 | |
| ATTORNEY FOR *(Name)*: Plaintiff GILBERT GUZMAN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Gilbert Guzman vs. Space Exploration Technologies Corp., et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>JUDGE: BC 574 495<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 6, 2015
Michael G. Jacob, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, *examples* of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

BC 5 7 4 4 9 5

| SHORT TITLE Guzman vs. Space Exploration Technologies Corp., et al. | CASE NUMBER | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [x] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A , the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | A6070 Asbestos Property Damage<br>A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210 Medical Malpractice - Physicians & Surgeons<br>A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | A7250 Premises Liability (e.g., slip and fall)<br>A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>A7270 Intentional Infliction of Emotional Distress<br>A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4
LA-CV109

| SHORT TITLE: Guzman vs. Space Exploration Technologies Corp., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Guzman vs. Space Exploration Technologies Corp., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Guzman vs. Space Exploration Technologies Corp., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:  1 Rocket Road |
|---|---|

| CITY | STATE | ZIP CODE |
|---|---|---|
| Hawthorne | CA | 90250 |

**Item IV.** Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 6, 2014 _____

(SIGNATURE OF ATTORNEY/FILING PARTY)

Michael G. Jacob Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

NOTICE SENT TO:

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Boulevard, Sutie 411
Los Angeles          CA  90069-3309

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 24 2015

Sherri R. Carter, Executive Officer/Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

GILBERT GUZMAN

Plaintiff(s),

VS.

SPACE EXPLORATION TECHNOLOGIES CORP

Defendant(s).

CASE NUMBER

BC574495

NOTICE OF CASE
MANAGEMENT CONFERENCE

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _June 9, 2015_ at _8:30 am_ in _Dept. 72_ at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:     THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _March 24, 2015_

**RUTH A. KWAN**

Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

☒ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _March 24, 2015_

Sherri R. Carter, Executive Officer/Clerk

by _____M. Rodriguez_____, Deputy Clerk

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1

## PROOF OF SERVICE

2       I am a resident of the State of California, over the age of eighteen years, and
3   not a party to the within action. I am employed in the office of a member of the bar
    of this court at whose direction this service was made. My business address is 9255
4   Sunset Boulevard, Suite 411, Los Angeles, California 90069.

5       On March 26, 2015, I served the following documents on all interested
    parties in this action as follows: NOTICE OF CASE MANAGEMENT
6   CONFERENCE

7   / X /    (BY MAIL) I am readily familiar with the firm's practice of collection and
8       processing correspondence for mailing. Under that practice it would be
        deposited with U.S. Postal Service on that same day with postage thereon
9       fully prepaid at Los Angeles, California, in the ordinary course of
        business. I am aware that on motion of the party served, service is
10      presumed invalid if the postal cancellation date or postage meter date is
11      more than one day after date of deposit for mailing affidavit.

12  / /    (BY PERSONAL SERVICE) I caused to be delivered by an authorized
        courier or driver of EXPRESS NETWORK the documents listed above to
13      be received and delivered on the same date by the person(s) listed below.

14  / /    (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice
15      for collection and processing correspondence by overnight delivery.
        Under that practice it would be deposited in a box or other facility
16      regularly maintained by Federal Express for overnight delivery.

17  / /    (BY ELECTRONIC SERVICE) Based on a court order or an agreement of
18      the parties to accept electronic service, I caused the documents to be sent
        to the persons at the electronic service addresses listed below.
19

20

21  ### SEE ATTACHED SERVICE LIST

22

23      I declare under penalty of perjury under the laws of the United States of
    America and the State of California that the above is true and correct. Executed on
24  March 26, 2015, at Los Angeles, California.

25  Michael Bew

26

27

28

PROOF OF SERVICE

1

GILBERT GUZMAN vs. SPACE EXPLORATION TECHNOLOGIES
CORP., et al.,
CASE NO. BC574495

2

3

SERVICE LIST

4

5

Christopher Cardaci, Senior Counsel

6

SpaceX
1030 15th Street NW Suite 220E

7

Washington, D.C. 20005
Telephone: 202-649-2716

8

[Attorneys for Defendant SPACE EXPLORATION TECHNOLOGIES CORP.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2



NOTICE SENT TO:

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Boulevard, Sutie 411
Los Angeles        CA   90069-3309

**FILED**
Superior Court of California
County of Los Angeles
FILE STAMP

MAR 24 2015

Sherri R. Carter, Executive Officer/Clerk
By _M. Rodriguez_ Deputy
Maria Rodriguez

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| GILBERT GUZMAN <br> Plaintiff(s), <br> VS. | BC574495 |
| SPACE EXPLORATION TECHNOLOGIES CORP <br> Defendant(s). | ORDER TO SHOW CAUSE HEARING |

To the party/attorney of record: Douglas N. Silverstein

You are ordered to appear for an Order to Show Cause Hearing on May 11, 2015 at 8:30 am in Dept. 72 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: as to Space Exploration Technologies Corp. and DOES 1 through 60

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[X] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room _102_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: March 24, 2015

Judicial Officer
**RUTH A. KWAN**

CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: March 24, 2015

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By _M. Rodriguez_, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Douglas N. Silverstein, Esq. (SBN 181957)<br>Michael G. Jacob, Esq. (SBN 229939)<br>KESLUK, SILVERSTEIN & JACOB, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, CA 90069<br>TELEPHONE NO.: (310) 273-3180   FAX NO. *(Optional)*: (310) 273-6137<br>E-MAIL ADDRESS *(Optional)*: mjacob@californialaborlawattorney.com<br>ATTORNEY FOR *(Name)*: Plaintiff GILBERT GUZMAN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Gilbert Guzman

DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 574495 |
|---|---|

TO *(insert name of party being served)*: SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 16, 2015

Michael Bew
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [x] A copy of the summons and of the complaint.
2. [x] Other: *(specify)*: Voluntary Efficient Litigation Stipulations, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment

*(To be completed by recipient)*:
Date this form is signed: 3/25/15

Christopher Cardaci, SpaceX
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                               ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal
Solutions
& Plus

Code of Civil Procedure,
§§ 415.30, 417.10

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  _Cardaci_   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery  3/24/15<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>Christopher Cardaci<br>SpaceX<br>1030 15th Street, NW, Suite 220E<br>Washington, D.C. | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Priority Mail Express™<br>☐ Registered  ☑ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7013 2630 0002 3346 2660 | |

PS Form 3811, July 2013          Domestic Return Receipt

1   Douglas N. Silverstein, Esq. (SBN 181957)
2   Michael G. Jacob, Esq. (SBN 229939)
    KESLUK, SILVERSTEIN & JACOB, P.C.
3   9255 Sunset Boulevard, Suite 411
    Los Angeles, California 90069-3309
4   Telephone: (310) 273-3180
    Facsimile: (310) 273-6137
5   dsilverstein@californialaborlawattorney.com
    mjacob@californialaborlawattorney.com
6
7   Attorneys for Plaintiff GILBERT GUZMAN

**FILED**
Superior Court of California
County of Los Angeles

**MAR 2 7 2015**

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Glorietta Robinson

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10  GILBERT GUZMAN, an individual,          CASE NO. BC 574495

11              Plaintiff,                   *[Assigned to Department 72 - Honorable Ruth*
                                            *Ann Kwan, Judge, for all Purposes]*
12          v.

13  SPACE EXPLORATION                        PROOF OF SERVICE OF NOTICE OF CASE
    TECHNOLOGIES CORP., a Delaware           MANAGEMENT CONFERENCE
14  Corporation; and DOES 1 through 60,
    inclusive,                               Complaint filed: March 9, 2015
15                                           Trial Date: Not Set
                Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel (310) 273-3180
Fax (310) 273-6137

1
PROOF OF SERVICE

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is 9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069.

On March 26, 2015, I served the following documents on all interested parties in this action as follows: **NOTICE OF CASE MANAGEMENT CONFERENCE**

/ X /  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/ /  (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of EXPRESS NETWORK the documents listed above to be received and delivered on the same date by the person(s) listed below.

/ /  (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

/ /  (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on March 26, 2015, at Los Angeles, California,

Michael Bew

1

2

## GILBERT GUZMAN vs. SPACE EXPLORATION TECHNOLOGIES CORP., et al.,
### CASE NO. BC574495

3

## SERVICE LIST

4

5

6

Christopher Cardaci, Senior Counsel
SpaceX
1030 15th Street NW Suite 220E
Washington, D.C. 20005
Telephone: 202-649-2716
[*Attorneys for Defendant SPACE EXPLORATION TECHNOLOGIES CORP.*]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Douglas N. Silverstein, Esq. (SBN 181957)<br>Michael G. Jacob, Esq. (SBN 229939)<br>KESLUK, SILVERSTEIN & JACOB, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, CA 90069<br>TELEPHONE NO.: (310) 273-3180  FAX NO. *(Optional):* (310) 273-6137<br>E-MAIL ADDRESS *(Optional):* mjacob@californialaborlawattorney.com<br>ATTORNEY FOR *(Name):* Plaintiff GILBERT GUZMAN | *FOR COURT USE ONLY*<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>APR 0 2 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Glorietta Robinson |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al. | BC 574495 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 72 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a. [x] summons

    b. [x] complaint

    c. [ ] Alternative Dispute Resolution (ADR) package

    d. [x] Civil Case Cover Sheet *(served in complex cases only)*

    e. [ ] cross-complaint

    f. [x] other *(specify documents):* Voluntary Efficient Litigation Stipulations, Civil Case Cover Sheet Addendum,
       Notice of Case Assignment

3.  a. Party served *(specify name of party as shown on documents served):* SPACE EXPLORATION TECHNOLOGIES
       CORP.

    b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
       under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
       Christopher Cardaci, Esq., attorney for Defendant authorized to accept service

4.  Address where the party was served: 1030 15th Street, NW, Suite 220E, Washington, D.C. 20005

5.  I served the party *(check proper box)*

    a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on *(date):*                    (2) at *(time):*

    b. [ ] by substituted service. On *(date):*          at *(time):*          I left the documents listed in item 2 with or
       in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business
           of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
           place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
           address of the person to be served, other than a United States Postal Service post office box. I informed
           him or her of the general nature of the papers.

       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
           at the place where the documents were left (Code Civ. Proc., § 415.20). I mailed the documents on
           *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

       (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

                                                                                    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER:<br>BC 574495 |
|---|---|
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al. | |

5.  c.  [ X ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1)  on *(date):* March 16, 2015          (2) from *(city):* Los Angeles

        (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

        (4)  [ X ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  [ ]  **by other means** *(specify means of service and authorizing code section):*

        [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a.  [ ]  as an individual defendant.

    b.  [ ]  as the person sued under the fictitious name of *(specify)*:

    c.  [ ]  as occupant.

    d.  [ X ]  On behalf of *(specify):* SPACE EXPLORATION TECHNOLOGIES CORP.

        under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| [ X ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) | |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) | |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) | |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) | |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) | |
| | [ ] other: | |

7.  Person who served papers

    a.  Name:  Michael Bew

    b.  Address: 9255 Sunset Boulevard, Suite 411, Los Angeles, CA 90069

    c.  Telephone number: (310) 273-3180

    d.  The fee for service was: $ 0.00

    e.  I am:

        (1)  [ X ]  not a registered California process server.

        (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

        (3)  [ ]  registered California process server:

            (i)  [ ]  owner   [ ]  employee   [ ]  independent contractor.

            (ii)  Registration No.:

            (iii)  County:

8.  [ X ]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 2, 2015

Michael Bew
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶                    (SIGNATURE )

      **PROOF OF SERVICE OF SUMMONS**      

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 04/07/15 | | DEPT. 72 |
| HONORABLE RUTH ANN KWAN        JUDGE | S. BARRERA | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #15 | | |
| NONE                Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 2:10 pm | BC574495 | Plaintiff Counsel |
| | GILBERT GUZMAN | NO APPEARANCES |
| | VS | Defendant |
| | SPACE EXPLORATION TECHNOLOGIES | Counsel |
| | CORP | |

NATURE OF PROCEEDINGS:

COURT ORDER RE: PROOF OF SERVICE;

Pursuant to the proof of service filed on 4/2/2015,
the Court orders the Order to Show Cause scheduled
for May 11, 2015 is advanced this date and is
vacated.

Notice is deemed waived.

Page   1 of  1    DEPT. 72

MINUTES ENTERED
04/07/15
COUNTY CLERK