1  Alexander Hernaez (SBN: 201441)
   ahernaez@foxrothschild.com
2  Lee Szor (SBN: 276381)
   lszor@foxrothschild.com
3  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
4  San Francisco, CA 94104
   Telephone:    415.364.5540
5  Facsimile:    415.391.4436

6  Attorneys for Defendant SPACEX

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 2 3 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

11

| GILBERT GUZMAN, | Case No.: BC574495 |
|---|---|
| Plaintiff, | Hon. Ruth Ann Kwan, Dept. 72 |
| v. | DEFENDANT SPACEX'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES |
| SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation; and DOES 1 through 60, inclusive, | |
| | Complaint Filed:    March 9, 2015 |
| Defendants. | |

19

20         Defendant SpaceX ("Defendant") submits its Answer to the Complaint for Damages

21  ("Complaint") of Plaintiff Gilbert Guzman ("Plaintiff") as follows:

                              GENERAL DENIAL

22         Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

23  Defendant generally denies each and every allegation in the Complaint. Defendant further

24  denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on

25  the part of Defendant, denies that Plaintiff has been injured or damaged in any amount

26  whatsoever, and denies that Defendant owes Plaintiff any amount whatsoever.

27  ///

28

1  AFFIRMATIVE DEFENSES

2    Without admitting any facts alleged by Plaintiff, Defendant also pleads the following

3  separate and affirmative defenses to the Complaint:

4  FIRST AFFIRMATIVE DEFENSE

5  (Failure to State a Claim)

6    Neither the Complaint nor any cause of action set forth in the Complaint states facts

7  sufficient to constitute a cause of action against Defendant.

8  SECOND AFFIRMATIVE DEFENSE

9  (Statute of Limitations)

10    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation,

11  including but not limited to those set forth in the provisions of California Code of Civil

12  Procedures sections 335.1, 337, 338, 339, 340, and 343, Government Code sections 12960 and

13  12965, and any other applicable statute of limitation.

14  THIRD AFFIRMATIVE DEFENSE

15  (Failure to Exhaust Administrative Remedies)

16    The Complaint is barred because appropriate administrative remedies have not been

17  exhausted as to Defendant and/or as to any alleged cause of action that has not been made the

18  subject of a timely administrative charge filed with the Department of Fair Employment and

19  Housing or other similar agency as required by California Government Code section 12960, *et*

20  *seq.*

21  FOURTH AFFIRMATIVE DEFENSE

22  (Settlement and Release of Claims)

23    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, or at

24  least limited, to the extent Plaintiff previously settled and released his claims against Defendant.

25  FIFTH AFFIRMATIVE DEFENSE

26  (Waiver, Estoppel, Laches, Excuse, Mistake, and Unclean Hands)

27    Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches,

28  excuse, mistake, and/or unclean hands.

1  ## SIXTH AFFIRMATIVE DEFENSE

2  ### (After-Acquired Evidence)

3  Plaintiff's recovery is limited in whole or in part by the doctrine of after-acquired

4  evidence.

5  ## SEVENTH AFFIRMATIVE DEFENSE

6  ### (Failure to Mitigate)

7  Plaintiff's claims are barred or diminished by the failure of Plaintiff to mitigate.

8  ## EIGHTH AFFIRMATIVE DEFENSE

9  ### (Losses Caused by Plaintiff)

10  Defendant, denying any wrongdoing on its part, and expressly denying that Plaintiff has

11  been damaged as alleged, asserts that any damage or pecuniary loss Plaintiff has sustained has

12  been proximately caused by Plaintiff's own actions or inactions.

13  ## NINTH AFFIRMATIVE DEFENSE

14  ### (No Injury to Plaintiff / Losses *De Minimis*)

15  Defendant, denying any wrongdoing on its part, asserts that Plaintiff has not suffered any

16  injury, damage, loss or harm due to any actions of Defendant or any failure to act by Defendant,

17  or that any damage or pecuniary loss Plaintiff has sustained is *de minimis*.

18  ## TENTH AFFIRMATIVE DEFENSE

19  ### (Failure to State a Claim for Attorneys' Fees)

20  The Complaint fails to state a claim upon which an award of attorneys' fees can be

21  granted.

22  ## ELEVENTH AFFIRMATIVE DEFENSE

23  ### (Punitive Damages Unconstitutional)

24  Any claim for punitive damages is unconstitutional under the California and Federal

25  Constitutions and in particular pursuant to the due process, equal protection and/or excessive

26  fines clauses contained therein.

27  ///

28  ///

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State Claim to Support Punitive Damages)

Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

        (a)    Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice (Cal. Civ. Code § 3294(a));

        (b)    Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or intent; and

        (c)    Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others (Cal. Civ. Code § 3294(b)).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Exclusivity)

Plaintiff's claims, to the extent they are based in whole or in part upon any alleged physical or emotional injury or distress, are barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory Business Reasons)

There were legitimate, non-retaliatory, nondiscriminatory business reasons for the decisions about which Plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Outside Course and Scope of Employment)

Defendant is not liable for any acts or omissions of any person who was not acting within the course and scope of his/her duties as an employee, agent, director, officer, or constituent member of Defendant.

1  ### SIXTEENTH AFFIRMATIVE DEFENSE

2  #### (Actions Outside Control of Defendant)

3  Any harm or injury suffered by Plaintiff, the existence of such harm or injury being

4  specifically denied, is the result of the actions of others not within the control of Defendant.

5  ### SEVENTEENTH AFFIRMATIVE DEFENSE

6  #### (No Wrongful Conduct By Managing Agents)

7  Plaintiff has not alleged and/or cannot demonstrate any wrongful conduct by any

8  managing agents, and Defendant further alleges that it never ratified or condoned any unlawful

9  or tortious conduct of any employee or individuals.

10  ### EIGHTEENTH AFFIRMATIVE DEFENSE

11  #### (Non-Willful Conduct)

12  Even if the misconduct as alleged by Plaintiff occurred, which Defendant denies, such

13  misconduct was not carried out in conscious disregard of Plaintiff's rights, nor was it willful,

14  intentional, knowing or deliberate.

15  ### NINETEENTH AFFIRMATIVE DEFENSE

16  #### (No Malice / Good Faith)

17  Some or all of Plaintiff's claims for damages alleged in the Complaint are barred in that

18  all decisions and actions of Defendant with respect to the subject matter of this lawsuit were

19  undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper and

20  justified means to further its legitimate economic interests.

21  ### TWENTIETH AFFIRMATIVE DEFENSE

22  #### (Avoidable Consequences)

23  Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and

24  promptly correct any harassing behavior and Plaintiff unreasonably delayed in taking, or failed to

25  take, advantage of any preventive or corrective opportunities provided by Defendant or to

26  otherwise avoid harm.

27  / / /

28  / / /

1  TWENTY-FIRST AFFIRMATIVE DEFENSE

2  (Failure to Plead with Sufficient Particularity)

3  Plaintiff has failed to set out his claims with sufficient particularity to permit

4  Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add

5  additional defenses as the factual basis for these claims become known.

6  TWENTY-SECOND AFFIRMATIVE DEFENSE\

7  (Allegations Exceed Scope of Administrative Complaint)

8  Plaintiff's claims are barred in whole or in part to the extent the acts or omissions alleged

9  in Plaintiff's Complaint exceed the allegations alleged in Plaintiff's administrative complaint of

10  discrimination to the California Department of Fair Employment and Housing.

11  TWENTY-THIRD AFFIRMATIVE DEFENSE

12  (Speculative and Uncertain Damages)

13  Plaintiff's damages, if any, are speculative and uncertain and thus cannot be recovered.

14  TWENTY-FOURTH AFFIRMATIVE DEFENSE

15  (Consent)

16  Plaintiff's claims are barred in whole or in part, or the relief under such claims is limited,

17  because Plaintiff consented to the alleged conduct.

18  TWENTY-FIFTH AFFIRMATIVE DEFENSE

19  (Privilege / Justification)

20  Plaintiff's claims are barred in whole or in part because any alleged acts and/or omissions

21  attributable to Defendant were justified and/or privileged.

22  TWENTY-SIXTH AFFIRMATIVE DEFENSE

23  (Undue Hardship)

24  Plaintiff's claims are barred in whole or in part because any proposed accommodations of

25  Plaintiff's alleged disability would create an undue hardship to the operation of Defendant's

26  business.

27  / / /

28  / / /

1
2

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Health or Safety Risk)

3       Plaintiff's claims are barred in whole or in part because, even with reasonable

4   accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one

5   essential job duty without endangering his health or safety or the health or safety of others.

6

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

7

#### (Inability to Perform Essential Job Duty)

8       Plaintiff's claims are barred in whole or in part because, even with reasonable

9   accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one

10  essential job duty.

11

### TWENTY-NINTH AFFIRMATIVE DEFENSE

12

#### (No Certification from Health Care Provider)

13      Plaintiff's claims are barred in whole or in part because Plaintiff did not provide a health-

14  care provider's certification of his need for leave.

15

### THIRTIETH AFFIRMATIVE DEFENSE

16

#### (Employment Would Have Ceased)

17      Defendant was not required to allow Plaintiff to return to work when his medical leave

18  ended because his employment would have ended for other reasons.

19

### RESERVATION OF RIGHTS

20      Defendant reserves the right to amend this Answer should it later discover facts

21  demonstrating the existence of new and/or additional affirmative defenses and/or should a

22  change in the law support the inclusion of new and/or additional affirmative defenses.

23      WHEREFORE, Defendant prays:

24      1.    That Plaintiff take nothing by the Complaint;

25      2.    That the Complaint be dismissed with prejudice;

26      4.    That Defendant recovers its costs of suit herein, including reasonable attorneys'

27            fees; and

28  ///

1         5.    That this Court grant such other further relief as it may deem appropriate.

2    Dated: April 23, 2015               FOX ROTHSCHILD LLP

3

4                          By:   _____

5                              Lee Szor
                          Attorneys for Defendant SPACEX

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No. BC574495

1

PROOF OF SERVICE

2       I am employed in the County of San Francisco, State of California. I am over the age of
18 years and not a party to this action; my business address is: 345 California Street, Suite 2200,
3   San Francisco, CA 94104.

4       On April 23, 2015, I served the foregoing documents:

5       DEFENDANT SPACEX'S ANSWER TO PLAINTIFF'S COMPLAINT

6   on the interested party(ies) in this action by placing true copies thereof enclosed in sealed
envelope(s) addressed as follows:

7
Douglas N. Silverstein, Esq.            *Attorneys for Plaintiff*
8   Michael G. Jacob, Esq.
Kesluk, Silverstein & Jacob, P.C.
9   9255 Sunset Boulevard, Ste. 411
Los Angeles, CA 90069
10  *T: 310.273.3180*
*F: 310.273.6137*

11
☑   BY FIRST-CLASS MAIL: I caused said document(s) to be deposited in a facility
12      regularly maintained by the United States Postal Service on the same day, in a sealed
    envelope, with postage paid, addressed to the above listed person(s) on whom it is being
13      served for collection and mailing on that date following ordinary business practices.

14  ☑   [STATE] I declare under penalty of perjury under the laws of the State of California
    that the foregoing is true and correct.
15

16      Executed April 23, 2015, at San Francisco, California.

17

18      An Employee of Fox Rothschild LLP

19

20

21

22

23

24

25

26

27

28

29562476.1

1

### PROOF OF SERVICE

2         I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action; my business address is:  345 California Street, Suite 2200,

3  San Francisco, CA 94104.

4        On April 23, 2015, I served the foregoing documents:

5        DEFENDANT SPACEX'S ANSWER TO PLAINTIFF'S COMPLAINT

6  on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

7

Douglas N. Silverstein, Esq.              *Attorneys for Plaintiff*

8  Michael G. Jacob, Esq.
Kesluk, Silverstein & Jacob, P.C.

9  9255 Sunset Boulevard, Ste. 411
Los Angeles, CA  90069

10  *T: 310.273.3180*
*F: 310.273.6137*

11  ☑    BY FIRST-CLASS MAIL:  I caused said document(s) to be deposited in a facility

12         regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being

13         served for collection and mailing on that date following ordinary business practices.

14  ☑    [STATE]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

16     Executed April 23, 2015, at San Francisco, California.

17

18

An Employee of Fox Rothschild LLP

19

20

21

22

23

24

25

26

27

28

29562470.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069
TELEPHONE NO.: (310) 273-3180     FAX NO. *(Optional)*: (310) 273-6137
E-MAIL ADDRESS *(Optional)*: mjacob@californialaborlawattorney.com
ATTORNEY FOR *(Name)*: Plaintiff GILBERT GUZMAN

FILED
Superior Court of California
County of Los Angeles

MAY 2 0 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
        Victor Sino-Cruz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Gilbert Guzman

DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [x] UNLIMITED CASE          [ ] LIMITED CASE<br>(Amount demanded           (Amount demanded is $25,000<br>exceeds $25,000)              or less) | BC 574495 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 9, 2015         Time: 8:30 a.m.         Dept.: 72         Div.:              Room:

Address of court *(if different from the address above):*

[x] Notice of Intent to Appear by Telephone, by *(name):* Michael G. Jacob, Esq.

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff Gilbert Guzman
   b. [ ] This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* March 9, 2015
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. Description of case
   a. Type of case in  [x] complaint          [ ] cross-complaint          *(Describe, including causes of action):*
   Disability Discrimination; Failure to Engage In the Interactive Process; Failure to Accommodate Disability;
   Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation; Retaliation; Interference With
   Leave In Violation of CFRA/FMLA; and Wrongful Termination.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Legal
Solutions
Plus

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al. | BC 574495 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff began his employment as a Propulsion Technician with Defendant on or about August 15, 2008. On or about July 7, 2014, Plaintiff informed Defendant that he was experiencing lower back pain. On July 8, 2014, Plaintiff informed Defendants that his doctor recommended him on bed rest for two weeks. Plaintiff's doctor prescribed additional leaves through August 22, 2014. On August 7, 2014 Plaintiff was terminated under the pretext of job abandonment.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See Attachment.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒   days *(specify number):* 5-7
b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
f.  Fax number:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☒ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  Referral to judicial arbitration or civil action mediation (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☒   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):* Amount in controversy exceeds jurisdiction maximum.

CASE MANAGEMENT STATEMENT

MC-025

| SHORT TITLE: Guzman vs. Space Exploration Technologies Corp., et al. | CASE NUMBER: BC 574495 |

ATTACHMENT *(Number):* 6.c.
*(This Attachment may be used with any Judicial Council form.)*

Plaintiff's counsel will be engaged in trial on the following dates:

09/08/15-09/18/15
09/21/15-10/08/15
10/13/15-10/16/15
10/26/15-11/09/15
11/16/15-12/08/15
12/17/15-01/04/16
01/19/16-01/27/16
02/02/16-02/10/16
02/16/16-02/26/16
02/26/16-03/09/16
03/15/16-03/25/16
03/28/16-04/15/16
04/26/16-05/04/16
07/11/16-07/22/16
08/08/16-08/19/16
10/03/16-10/10/16

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 2a of 5
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

Legal
Solutions
Plus




CM-110

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al. | BC 574495 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | [ X ] | [ X ] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date):*<br>[ ] Agreed to complete mediation by *(date):*<br>[ ] Mediation completed on *(date):* |
| (2) Settlement conference | [ X ] | [ X ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date):*<br>[ ] Agreed to complete settlement conference by *(date):*<br>[ ] Settlement conference completed on *(date):* |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date):*<br>[ ] Agreed to complete neutral evaluation by *(date):*<br>[ ] Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date):*<br>[ ] Agreed to complete judicial arbitration by *(date):*<br>[ ] Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date):*<br>[ ] Agreed to complete private arbitration by *(date):*<br>[ ] Private arbitration completed on *(date):* |
| (6) Other *(specify):* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date):*<br>[ ] Agreed to complete ADR session by *(date):*<br>[ ] ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 3 of 5

|  |  | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al. | BC 574495 | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
    action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff Gilbert Guzman | written discovery | August 2015 |
| Plaintff Gilbert Guzman | Deposition(s) of Defendant's Person(s) Most Qualified | October 2015 |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
    anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Space Exploration Technologies Corp., et al. | BC 574495 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 1 (one)

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 21, 2015

Michael G. Jacob, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]                    CASE MANAGEMENT STATEMENT                    Page 5 of 5

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is 9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069.

On May 20, 2015, I served the following documents on all interested parties in this action as follows: **CASE MANAGEMENT STATEMENT**

/ X /   (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/ /   (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of EXPRESS NETWORK the documents listed above to be received and delivered on the same date by the person(s) listed below.

/ /   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

/ /   (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

/ /   (BY FACSIMILE) This document was transmitted by using a facsimile machine that complies with the California Rules of Court rule 2003(3), telephone number (310) 273-6137. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is on file at the firm. The names and facsimile numbers of the person(s) served are as set forth below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on May 20, 2015, at Los Angeles, California.

Michael Bew

1    GILBERT GUZMAN vs. SPACE EXPLORATION TECHNOLOGIES CORP., et al.,
                          CASE NO. BC574495
2
3                                SERVICE LIST
4
5    Alexander Hernaez
     Lee Szor
6    FOX ROTHSCHILD LLP
     345 California Street, Suite 2200
7    San Francisco, CA 94104
     Telephone: 415-364-5540
8    Facsimile: 415-391-4436
     ahernaez@foxrothschild.com
9    lszor@foxrothschild.com
     [Attorneys for Defendant SPACEX]
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                      2
                              PROOF OF SERVICE

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>111 North Hill Street<br>Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 2 0 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>Victor Sino-Cruz |
| PLAINTIFF: Gilbert Guzman | |
| DEFENDANT: | |

| CIVIL DEPOSIT | CASE NUMBER:<br>BC 574495 |
|---|---|

Clerk: Prepare a form for each depositor paying separately.

PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:

☐ Room 102, Central Civil  ☐ Clerk's Office, Room _____  ☒ Department Number 72

| ✓ | | Distribution Codes | Amt. Due | ✓ | | Distribution Codes | Amt. Due |
|---|---|---|---|---|---|---|---|
| | 251 | DAILY JURY FEES<br>Dates: _____<br># of day(s) ____ X $ ____ | | | 74 | DEPOSIT IN TRUST | |
| X | 72 | JURY FEES<br>Trial Date: not set<br>(Initial Deposit) $ 150.00 | | | 101 | FIRST PAPERS<br>(General Jurisdiction) | |
| | | REPORTER'S FEES<br>Dates: _____ | | | 101 | FIRST PAPERS<br>Limited over $10,000 | |
| | | # of 1/2 day(s) ____ X $ ____ | | | 141 | With declaration Limited to $10,000<br>(Per B&P 6322.1(a)) | |
| | 253 | Half day | | | 130 | Limited to $10,000 | |
| | 252 | Full Day | | | | | |
| | 721 | SANCTIONS ORDERED ON<br>Date: _____ | | | 211 | RECLASSIFICATION FEE | |
| | 213 | MOTION/APPLICATION TO CONTINUE HEARING | | | 150 | COMPLEX LITIGATION TRIAL/Plaintiff | |
| | 200 | MOTION/APPLICATION TO CONTINUE TRIAL | | | 151 | COMPLEX LITIGATION/Defendant | |
| | | Other: | | | | | |

To be paid via ☐ Cash ☒ Check ☐ Certified Check/Money Order ☐ Credit Card

☐ On or before: _____ ☒ Forthwith

Payment will be made by ☒ Plaintiff Gilbert Guzman ☐ Defendant _____

JOHN A. CLARKE, Executive Officer/Clerk

DATED: May 20, 2015 _____ BY: _____

Deputy Clerk

| TO BE COMPLETED BY DEPOSITOR | CASHIER'S VALIDATION |
|---|---|
| Depositor's Name Kesluk, Silverstein & Jacob, P.C.<br><br>☐ Plaintiff in Pro Per  ☐ Defendant in Pro Per<br><br>☒ Counsel for ☒ Plaintiff Gilbert Guzman<br>_____<br>Name of Party<br><br>☐ Defendant _____<br>Name of Party<br>Address of depositor<br><br>9255 Sunset Boulevard, Suite 411<br>Street<br>Los Angeles, CA 90069<br>City/State/Zip | RECEIPT #: CCH42041104<br>DATE PAID: 05/20/15<br>PAYMENT: $150.00<br>RECEIVED:<br>CHECK:<br>CASH:<br>CHANGE:<br>CARD:<br><br>$150.00 05:47 PM<br>$0.00<br>$0.00<br>$0.00 310<br><br>CIT/CASE: BC574495<br>LEA/DEF#: |

LACIV 083 (Rev. 01/07)<br>LASC Approved 03-04

CIVIL DEPOSIT<br>Distribution: Original – Case File Copy – Customer

LA-083



ORIGINAL

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ALEXANDER HERNAEZ (SBN 201441), LEE SZOR (SBN 276381)<br>FOX ROTHSCHILD LLP<br>345 California Street, Suite 2200, San Francisco, CA 94104<br>TELEPHONE NO.: (415) 364-5540  FAX NO. (Optional): (415) 391-4436<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Defendant SpaceX | FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 2 0 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ , Deputy<br>Glorietta Robinson |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles 90012 |
| BRANCH NAME: Central District, Stanley Mosk Courthouse |

| PLAINTIFF/PETITIONER: Gilbert Guzman |
|---|
| DEFENDANT/RESPONDENT: SpaceX |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ✔ UNLIMITED CASE  ☐ LIMITED CASE<br>(Amount demanded  (Amount demanded is $25,000<br>exceeds $25,000)  or less) | BC574495 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: June 9, 2015    Time: 8:30 a.m.    Dept.: 72    Div.:    Room:

Address of court (if different from the address above):

✔ Notice of Intent to Appear by Telephone, by (name): Lee Szor

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ✔ This statement is submitted by party (name): Defendant SpaceX
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): March 9, 2015
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ✔ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):

      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐ have had a default entered against them (specify names):

   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. Description of case
   a. Type of case in  ✔ complaint  ☐ cross-complaint  (Describe, including causes of action):
      Plaintiff alleges his termination was the product of disability discrimination and in retaliation for his alleged
      disability. He also alleges SpaceX did not engage in the interactive process or accommodate his alleged injury.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SpaceX | BC574495 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   Plaintiff claims his termination was discriminatory and retaliatory on the basis of his alleged disability.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request   ☐ a jury trial   ☑ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   This is the first CMC in this case. Defendant kindly requests that trial be scheduled at a further CMC.
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   See attachment 6c.

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 4-6.
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☑ by the attorney or party listed in the caption   ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                                        f.   Fax number:
   e. E-mail address:                                          g.   Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
       Amount in controversy exceeds limit.

 

CM-110

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SpaceX | BC574495 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: Gilbert Guzman | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SpaceX | BC574495 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant anticipates filing a motion for summary judgment.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant SpaceX | Depositions | Per CCP |
| Defendant SpaceX | Written Discovery | Per CCP |
| Defendant SpaceX | Third-party Discovery | Per CCP |
| Defendant SpaceX | Expert Discovery | Per CCP |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
      anticipated *(specify):*

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: | Gilbert Guzman | CASE NUMBER:<br>BC574495 |
|---|---|---|
| DEFENDANT/RESPONDENT: | SpaceX | |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ___2___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 20, 2015

Lee B. Szor for Defendant SpaceX
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

### Attachment 6c

Defendant's counsel is committed to the following trial dates in other matters:

July 27-31, 2015
September 1-4, 2015
September 28 – October 2, 2015
October 16-23, 2-15
November 17-20, 2015
December 7-11, 2015
January 4-13, 2016
January 15-29, 2016
February 5-16, 2016
February 22 – March 4, 2016
March 8-11, 2016
March 21-25, 2016
April 4-8, 2016,
May 16-27, 2016
June 20-24, 2016
February 6-10, 2017

<u>PROOF OF SERVICE</u>

1

2    I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

3

4    On the date indicated below, I served the foregoing document(s):

5    CASE MANAGEMENT STATEMENT

6    on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

7

8    Douglas N. Silverstein, Esq.              *Attorneys for Plaintiff*
     Michael G. Jacob, Esq.
9    Kesluk, Silverstein & Jacob, P.C.
     9255 Sunset Boulevard, Ste. 411
10   Los Angeles, CA 90069
     T: 310.273.3180
11   F: 310.273.6137

12   ☑   BY FIRST-CLASS MAIL: I caused said document(s) to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being served for collection and mailing on that date following ordinary business practices.

13

14   ☑   [STATE] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

16   Executed May 20, 2015, at San Francisco, California.

17

18   An Employee of Fox Rothschild LLP

19

20

21

22

23

24

25

26

27

28

ACTIVE 29562470.1
CASE MANAGEMENT STATEMENT                                      Case No. BC560127

1   Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
2   KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
3   Los Angeles, California  90069-3309
Telephone:  (310) 273-3180
4   Facsimile:  (310) 273-6137
dsilverstein@californialaborlawattorney.com
5   mjacob@californialaborlawattorney.com
6
Attorneys for Plaintiff GILBERT GUZMAN
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10   GILBERT GUZMAN, an individual,        CASE NO. BC 574495

11              Plaintiff,                 *[Assigned to Department 72 - Honorable Ruth*
                                           *Ann Kwan, Judge, for all Purposes]*
12          v.

13   SPACE EXPLORATION                     PLAINTIFF GILBERT GUZMAN'S
     TECHNOLOGIES CORP., a Delaware        NOTICE OF POSTING JURY FEES
14   Corporation; and DOES 1 through 60,
     inclusive,                            CMC Date: June 9, 2015
15
              Defendants.                  Complaint filed:  March 9, 2015
16                                         Trial Date:  Not Set

17

18

19

20   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21        NOTICE IS HEREBY GIVEN that Plaintiff GILBERT GUZMAN hereby posts jury

22   fees.

23

24   DATED:  May 20, 2015              KESLUK, SILVERSTEIN & JACOB, P.C.

25

26                                     By _____
                                          Douglas N. Silverstein, Esq.
27                                        Michael G. Jacob, Esq.
                                          Attorneys for Plaintiff GILBERT GUZMAN
28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

PROOF OF SERVICE

2

3

4

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is 9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069.

5

6

On May 20, 2015, I served the following documents on all interested parties in this action as follows: **PLAINTIFF GILBERT GUZMAN'S NOTICE OF POSTING JURY FEES**

7

8

9

10

/ X /  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

11

12

/ /  (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of EXPRESS NETWORK the documents listed above to be received and delivered on the same date by the person(s) listed below.

13

14

15

/ /  (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

16

17

/ /  (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

18

19

20

21

/ /  (BY FACSIMILE) This document was transmitted by using a facsimile machine that complies with the California Rules of Court rule 2003(3), telephone number (310) 273-6137. The transmission was reported as complete and without error. A copy of the firm. transmission report, properly issued by the transmitting machine, is on file at the firm. The names and facsimile numbers of the person(s) served are as set forth below.

22

23

**SEE ATTACHED SERVICE LIST**

24

25

26

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on May 20, 2015, at Los Angeles, California.

27

28

Michael Bew

PROOF OF SERVICE

1        GILBERT GUZMAN vs. SPACE EXPLORATION TECHNOLOGIES CORP., et al.,
CASE NO. BC574495

2

                      SERVICE LIST

3

4

5    Alexander Hernaez
Lee Szor

6    FOX ROTHSCHILD LLP
345 California Street, Suite 2200

7    San Francisco, CA 94104
Telephone: 415-364-5540

8    Facsimile: 415-391-4436
ahernaez@foxrothschild.com

9    lszor@foxrothschild.com
[Attorneys for Defendant SPACEX]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 06/09/15 | DEPT. 72 |
| HONORABLE RUTH ANN KWAN JUDGE | S. BARRERA        DEPUTY CLERK |
| HONORABLE                        JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #1          M. RODRIGUEZ, C.A.   Deputy Sheriff | none                    Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC574495 | Plaintiff Counsel | COURTCALL APPEARANCE: MICHAEL G. JACOB (X) |
| | GILBERT GUZMAN | | |
| | VS | Defendant Counsel | COURTCALL APPEARANCE: LEE SZOR (X) |
| | SPACE EXPLORATION TECHNOLOGIES CORP | | |

NATURE OF PROCEEDINGS:

CASE MANAGEMENT CONFERENCE

The matter is held in chambers.

The Final Status Conference is set for April 15, 2016
at 9:00 a.m. in Department 72.

The Trial is set for April 25, 2016 at 9:00 a.m. in
Department 72.

Notice is waived.

Page   1 of  1    DEPT. 72

MINUTES ENTERED
06/09/15
COUNTY CLERK

# EXHIBIT 2

DISC-020

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>ALEXANDER HERNAEZ (SBN 201441), LEE SZOR (SBN 276381)<br>FOX ROTHSCHILD LLP<br>345 California Street, Suite 2200, San Francisco, CA 94104<br>TELEPHONE NO. (415) 364-5540   FAX NO. *(Optional)* (415) 391-4436<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Defendant SpaceX | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:  111 North Hill Street
CITY AND ZIP CODE:  Los Angeles 90012
BRANCH NAME:  Central District, Stanley Mosk Courthouse

SHORT TITLE:
Guzman v. SpaceX

| REQUESTS FOR ADMISSION<br>[✓] Truth of Facts    [ ] Genuineness of Documents<br><br>Requesting Party: Defendant SpaceX<br>Answering Party: Plaintiff Gilbert Guzman<br>Set No.: One | CASE NUMBER:<br>BC574495 |
|---|---|

## INSTRUCTIONS

Requests for admission are written requests by a party to an action requiring that any other party to the action either admit or deny, under oath, the truth of certain facts or the genuineness of certain documents. For information on timing, the number of admissions a party may request from any other party, service of requests and responses, restrictions on the style, format, and scope of requests for admission and responses to requests, and other details, see Code of Civil Procedure sections 94–95, 1013, and 2033.010–2033.420 and the case law relating to those sections.

An answering party should consider carefully whether to admit or deny the truth of facts or the genuineness of documents. With limited exceptions, an answering party will not be allowed to change an answer to a request for admission. There may be penalties if an answering party fails to admit the truth of any fact or the genuineness of any document when requested to do so and the requesting party later proves that the fact is true or that the document is genuine. These penalties may include, among other things, payment of the requesting party's attorney's fees incurred in making that proof.

Unless there is an agreement or a court order providing otherwise, the answering party must respond in writing to requests for admission within 30 days after they are served, or within 5 days after service in an unlawful detainer action. There may be significant penalties if an answering party fails to provide a timely written response to each request for admission. These penalties may include, among other things, an order that the facts in issue are deemed true or that the documents in issue are deemed genuine for purposes of the case.

Answers to *Requests for Admission* must be given under oath. The answering party should use the following language at the end of the responses:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____   _____
(DATE)                          (SIGNATURE)

These instructions are only a summary and are not intended to provide complete information about requests for admission. This *Requests for Admission* form does not change existing law relating to requests for admissions, nor does it affect an answering party's right to assert any privilege or to make any objection.

## REQUESTS FOR ADMISSION

You are requested to admit within 30 days after service, or within 5 days after service in an unlawful detainer action, of this *Requests for Admission* that:

1. [✓]  Each of the following facts is true *(if more than one, number each fact consecutively)*:

    [✓]  Continued on Attachment 1

2. [ ]  The original of each of the following documents, copies of which are attached, is genuine *(if more than one, number each document consecutively)*:

    [ ]  Continued on Attachment 2

Lee Szor
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

## ATTACHMENT 1

### REQUESTS FOR ADMISSION TO PLAINTIFF, SET ONE

#### DEFINITIONS

1.    The terms "YOU" and "YOUR" mean Plaintiff GILBERT GUZMAN, the
Responding Party, and the Responding Party's present and former agents, and all other such
persons acting on the Responding Party's behalf, including guardians, attorneys, and
investigators.

2.    The term "COMPLAINT" refers to the Responding Party's Complaint in this case
filed on March 9, 2015.

3.    The term "DEFENDANT" refers to SPACEX, the Propounding Party, including
its agents, supervisors, managers, partners, and representatives.

#### REQUESTS FOR ADMISSIONS

#### REQUEST FOR ADMISSION NO. 1:

Admit that DEFENDANT did not discriminate against YOU on the basis of YOUR
alleged disability.

#### REQUEST FOR ADMISSION NO. 2:

Admit that DEFENDANT did not fail to engage in good faith in the interactive process.

#### REQUEST FOR ADMISSION NO. 3:

Admit that DEFENDANT did not fail to accommodate YOUR alleged disability.

#### REQUEST FOR ADMISSION NO. 4:

Admit that DEFENDANT did not discharge YOU in violation of public policy.

#### REQUEST FOR ADMISSION NO. 5:

Admit that DEFENDANT did not retaliate against YOU because of YOUR disability or
because YOU requested reasonable accommodation.

#### REQUEST FOR ADMISSION NO. 6:

ACTIVE 29665682v1

Admit that DEFENDANT did not retaliate against YOU because YOU requested and took protected leave."

"REQUEST FOR ADMISSION NO. 7:

Admit that DEFENDANT did not discharge YOU because of YOUR alleged disability.

REQUEST FOR ADMISSION NO. 8:

Admit that DEFENDANT did not interfere with YOUR protected leave.

REQUEST FOR ADMISSION NO. 9:

Admit that DEFENDANT did not fail to adhere to its duties to provide Notice in accordance with the regulations governing the California Family Rights Act/Family Medical Leave Act."

REQUEST FOR ADMISSION NO. 10:

Admit that YOU have not visited or consulted a medical provider regarding the emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation, which YOU allegedly sustained and continue to sustain as alleged in YOUR COMPLAINT.

REQUEST FOR ADMISSION NO. 11:

Admit that YOU have not sustained, and do not continue to sustain, emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation, which YOU allegedly sustained and continue to sustain as alleged in YOUR COMPLAINT.

REQUEST FOR ADMISSION NO. 12:

Admit that YOUR medical leave expired on August 7, 2014.

REQUEST FOR ADMISSION NO. 13:

Admit that YOUR medical leave was not extended until August 22, 2014.

REQUEST FOR ADMISSION NO. 14:

Admit that YOU never notified or informed DEFENDANT that YOUR medical leave was extended until August 22, 2014.

REQUEST FOR ADMISSION NO. 15:

ACTIVE 29665682v1

Admit that YOU never provided DEFENDANT with a doctor's note stating that YOUR medical leave was extended until August 22, 2014.

**REQUEST FOR ADMISSION NO. 16:**

Admit that each time YOU asked DEFENDANT for medical leave, YOU received medical leave.

**REQUEST FOR ADMISSION NO. 17:**

Admit that you never submitted any written or verbal complaint(s) to DEFENDANT about YOUR contention that DEFENDANT discriminated against YOU on the basis of YOUR alleged disability.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you are not pursuing a claim under the federal Family Medical Leave Act.

ACTIVE 29665682v1

1  ALEXANDER HERNAEZ (SBN: 201441)
   ahernaez@foxrothschild.com
2  LEE SZOR (SBN: 276381)
   lszor@foxrothschild.com
3  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
4  San Francisco, CA 94104
   Telephone:    415.364.5540
5  Facsimile:    415.391.4436

6  Attorneys for Defendant SPACEX

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LOS ANGELES

10

11

12 | GILBERT GUZMAN,                          Case No.: BC574495

             Plaintiff,
13

14       v.                                    PROOF OF SERVICE

15 | SPACE EXPLORATION
   | TECHNOLOGIES CORP., a Delaware
16 | corporation; and DOES 1 through 60,       Complaint Filed:  March 9, 2015
   | inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28
   ACTIVE 29894267v1
   PROOF OF SERVICE                                           Case No. BC560127

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

On the date indicated below, I served the foregoing document(s):

> SPACEX'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, GILBERT GUZMAN, SET ONE
>
> SPACEX'S SPECIAL INTERROGATORIES TO PLAINTIFF, GILBERT GUZMAN, SET ONE
>
> SPACEX'S FORM INTERROGATORIES – GENERAL TO PLAINTIFF, GILBERT GUZMAN, SET ONE
>
> SPACEX'S FORM INTERROGATORIES – EMPLOYMENT TO PLAINTIFF, GILBERT GUZMAN, SET ONE
>
> SPACEX'S REQUESTS FOR ADMISSION TO PLAINTIFF, GILBERT GUZMAN, SET ONE

on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelope(s) addressed as follows:

Douglas N. Silverstein, Esq.                    *Attorneys for Plaintiff*
Michael G. Jacob, Esq.
Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Boulevard, Ste. 411
Los Angeles, CA 90069
T: 310.273.3180
F: 310.273.6137

☑   BY FIRST-CLASS MAIL: I caused said document(s) to be deposited in a facility regularly maintained by the United States Postal Service on the same day, in a sealed envelope, with postage paid, addressed to the above listed person(s) on whom it is being served for collection and mailing on that date following ordinary business practices.

☑   [STATE] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed April 30, 2015, at San Francisco, California.

Karen R. Beaton
Karen R. Beaton

ACTIVE 208943267v1
PROOF OF SERVICE                                                                 Case No. BC560127