# EXHIBIT 3

Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com

Attorneys for Plaintiff GILBERT GUZMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| GILBERT GUZMAN, an individual, | CASE NO. BC 574495 |
| Plaintiff, | *[Assigned to Department 72 - Honorable Ruth Ann Kwan, Judge, for all Purposes]* |
| v. | PLAINTIFF GILBERT GUZMAN'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE |
| SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation; and DOES 1 through 60, inclusive, | |
| Defendants. | Complaint filed: March 9, 2015<br>Trial Date: April 26, 2016 |

PROPOUNDING PARTY: SPACEX

RESPONDING PARTY: GILBERT GUZMAN

SET NUMBER: ONE

Pursuant to Code of Civil Procedure section 2031.010 et seq., Plaintiff GILBERT GUZMAN hereby responds to Defendant SPACEX'S Requests for Admission, Set One.

///

///

---

1

RESPONSE TO REQUETS FOR ADMISSION, SET ONE

## PRELIMINARY STATEMENT

These answers and objections are made solely for the purpose of this action. The following answers are based upon information presently known and available to Plaintiff. Discovery, both internal and external, is still ongoing, and Plaintiff reserves the right to supplement these answers with subsequently discovered information and/or to introduce such information at trial. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all other objections or grounds that would require exclusion of the answers produced by Plaintiff, or any part thereof, if any of these answers were presented in court. All appropriate objections and grounds are hereby reserved and may be interposed at trial regarding the introduction into evidence of an answer produced by Plaintiff in reply to Defendant's discovery requests.

The fact that Plaintiff has responded to or objected to any request or any part thereof may not be taken as an admission that it admits the existence of any fact set forth in or assumed by such request or that such answer constitutes relevant evidence other than as expressly admitted herein. No implied admissions whatsoever are intended by these answers. The fact that Plaintiff has answered part or all of any request or interrogatory shall not be construed to be a waiver by Plaintiff of any objections to part or all of any request or interrogatory.

To the extent that part or all of any request or interrogatory calls for information which constitutes material prepared in anticipation of litigation or for trial, information or material covered by the work product doctrine or information protected from disclosure by virtue of a privilege including, but not limited to, the attorney-client communication privilege, Plaintiff objects to each and every such request and interrogatory and will not supply or render any information or material protect from disclosure by virtue of the work product doctrine or any privilege including, but not limited to, the attorney-client communication privilege. Also, Plaintiff objects to the extent the interrogatories seek information relating to Plaintiff's and its counsel's legal conclusions and research and will not provide such information. To the extent that any request seeks to discover the residence address and/or telephone number of any individual, Plaintiff objects to each and every such request on the grounds that such request seeks

information privileged from disclosure on the basis of said individual's right to privacy and confidentiality and because such request seeks information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The above-stated objections are hereby made applicable to each and all of the interrogatories and are incorporated by reference as though fully set forth in each answer to each request.

Without waiving the foregoing objections, Plaintiff responds as follows:

**REQUEST FOR ADMISSION NO.1:**

Admit that DEFENDANT did not discriminate against YOU on the basis of YOUR alleged disability.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Deny.

**REQUEST FOR ADMISSION NO.2:**

Admit that DEFENDANT did not fail to engage in good faith in the interactive process.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Deny.

**REQUEST FOR ADMISSION NO.3:**

Admit that DEFENDANT did not fail to accommodate YOUR alleged disability.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Deny.

**REQUEST FOR ADMISSION NO.4:**

Admit that DEFENDANT did not discharge YOU in violation of public policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Deny.

**REQUEST FOR ADMISSION NO.5:**

Admit that DEFENDANT did not retaliate against YOU because of YOUR disability or because YOU requested reasonable accommodation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Deny.

Keslick, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-1120
Fax (310) 273-6137

3

RESPONSE TO REQUETS FOR ADMISSION, SET ONE

REQUEST FOR ADMISSION NO.6:

Admit that DEFENDANT did not retaliate against YOU because YOU requested and took protected leave."

RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Deny.

REQUEST FOR ADMISSION NO.7:

Admit that DEFENDANT did not discharge YOU because of YOUR alleged disability.

RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Deny.

REQUEST FOR ADMISSION NO.8:

Admit that DEFENDANT did not interfere with YOUR protected leave.

RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Deny.

REQUEST FOR ADMISSION NO.9:

Admit that DEFENDANT did not fail to adhere to its duties to provide Notice in accordance with the regulations governing the California Family Rights Act/Family Medical Leave Act."

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Deny.

REQUEST FOR ADMISSION NO. 10:

Admit that YOU have not visited or consulted a medical provider regarding the emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation, which YOU allegedly sustained and continue to sustain as alleged in YOUR COMPLAINT.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

Deny.

REQUEST FOR ADMISSION NO. 11:

Admit that YOU have not sustained, and do not continue to sustain, emotional distress,

Keslak, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

RESPONSE TO REQUETS FOR ADMISSION, SET ONE

including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation, which YOU allegedly sustained and continue to sustain as alleged in YOUR COMPLAINT.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Plaintiff objects that the request is compound and contains multiple subparts. Notwithstanding and without waiving the objection, Plaintiff responds as follows: Deny.

REQUEST FOR ADMISSION NO. 12:

Admit that YOUR medical leave expired on August 7, 2014.

RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Plaintiff objects that "YOUR medical leave expired" is vague and ambiguous and may call for a legal conclusion. Notwithstanding and without waiving the objection, Plaintiff responds as follows: Deny.

REQUEST FOR ADMISSION NO. 13:

Admit that YOUR medical leave was not extended until August 22, 2014.

RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Plaintiff objects that "YOUR medical leave" is vague and ambiguous and may call for a legal conclusion. Plaintiff objects that the request is vague and incomplete and unintelligible as it is not clear as to whom the leave was "extended" by. Notwithstanding and without waiving the objection, Plaintiff responds as follows: Plaintiff admits that Defendant did not verbally or in writing inform Plaintiff that his medical leave was extended until August 22, 2014.

REQUEST FOR ADMISSION NO. 14:

Admit that YOU never notified or informed DEFENDANT that YOUR medical leave was extended until August 22, 2014.

RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Plaintiff objects that "YOUR medical leave" is vague and ambiguous and may call for a legal conclusion. Plaintiff objects that the request is vague and incomplete and unintelligible as it is not clear as to whom the leave was "extended" by. Notwithstanding and without waiving the objection, Plaintiff responds as follows: Plaintiff informed

1  Defendant that he was disabled and could not come to work. Plaintiff otherwise lacks
2  sufficient information at this time to admit or deny at this time. Research, investigation and
3  discovery are continuing.

4  REQUEST FOR ADMISSION NO. 15:
5  Admit that YOU never provided DEFENDANT with a doctor's note stating that YOUR
6  medical leave was extended until August 22, 2014.

7  RESPONSE TO REQUEST FOR ADMISSION NO. 15:
8  Plaintiff objects that "YOUR medical leave" is vague and ambiguous and may call for
9  a legal conclusion. Plaintiff objects that the request is vague and incomplete and
10 unintelligible as it is not clear as to whom the leave was "extended" by. Notwithstanding and
11 without waiving the objection, Plaintiff responds as follows: Plaintiff lacks sufficient
12 information at this time to admit or deny. Research, investigation and discovery are
13 continuing.

14 REQUEST FOR ADMISSION NO. 16:
15 Admit that each time YOU asked DEFENDANT for medical leave, YOU received
16 medical leave.

17 RESPONSE TO REQUEST FOR ADMISSION NO. 16:
18 Plaintiff objects that "YOUR medical leave" is vague and ambiguous and may call for
19 a legal conclusion. Plaintiff objects that the request is vague and incomplete and
20 unintelligible as it is not clear as to whom the leave was "extended" by. Plaintiff objects that
21 the request is vague and ambiguous as to time, compound, assumes facts, is not full and
22 complete within itself and contains numerous subparts. Notwithstanding and without
23 waiving the objection, Plaintiff responds as follows: Deny.

24 REQUEST FOR ADMISSION NO. 17:
25 Admit that you never submitted any written or verbal complaint(s) to DEFENDANT
26 about YOUR contention that DEFENDANT discriminated against YOU on the basis of YOUR
27 alleged disability.
28

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6
RESPONSE TO REQUETS FOR ADMISSION, SET ONE

RESPONSE TO REQUEST FOR ADMISSION NO. 17:

Deny.

REQUEST FOR ADMISSION NO. 18:

Admit that you are not pursuing a claim under the federal Family Medical Leave Act.

RESPONSE TO REQUEST FOR ADMISSION NO. 18:

Deny.

DATED: July 9, 2015         KESLUK, SILVERSTEIN & JACOB, P.C.

By /s/
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff GILBERT GUZMAN

---

7

RESPONSE TO REQUETS FOR ADMISSION, SET ONE

*Guzman vs. SpaceX, et al.,*
Case No. BC 574495

## VERIFICATION

I am a party to this action, and I have read PLAINTIFF GILBERT GUZMAN'S RESPONSE TO REQUESTS FOR ADMISSION, SET NO. ONE and know the contents. The matters stated therein are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 9th of July   2015, in Norwalk, California.

_____
Gilbert Guzman

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction this service was made. My business address is 9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069.

On July 9, 2015, I served the following documents on all interested parties in this action as follows: **PLAINTIFF GILBERT GUZMAN'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE**

/X/ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/ / (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of EXPRESS NETWORK the documents listed above to be received and delivered on the same date by the person(s) listed below.

/ / (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

/ / (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on July 9, 2015, at Los Angeles, California.

_____
Michael Bew

GILBERT GUZMAN vs. SPACE EXPLORATION TECHNOLOGIES CORP., et al.,
CASE NO. BC574495

SERVICE LIST

Alexander Hernaez
Lee Szor
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415-364-5540
Facsimile: 415-391-4436
ahernaez@foxrothschild.com
lszor@foxrothschild.com
[Attorneys for Defendant SPACEX]

2
PROOF OF SERVICE