Douglas N. Silverstein (SBN: 181957)
dsilverstein@californialaborlawattorney.com
Michael G. Jacob (SBN: 229939)
mjacob@californialaborlawattorney.com
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA 90069
Telephone: 310.273.3180
Facsimile: 310.273.6137

Attorneys for Plaintiff GILBERT GUZMAN

Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Lee Szor (SBN: 276381)
lszor@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.364.5540
Facsimile: 415.391.4436

Attorneys for Defendant SPACEX

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN, <br><br> Plaintiff, <br><br> v. <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation; and DOES 1 through 60, inclusive, <br><br> Defendants. | Case No.: 2:15-cv-06000-R-RAO <br><br> **EARLY MEETING REPORT / JOINT RULE 26(f) REPORT** |

# EARLY MEETING REPORT / JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Re: Notice to Counsel (Doc. 5), Defendant SpaceX ("Defendant") and Plaintiff Gilbert Guzman ("Plaintiff") jointly submit this Early Meeting Report / Joint Rule 26(f) Report following their conference on September 22, 2015.

## 1. JURISDICTION AND SERVICE

This is a civil action removed by Defendant pursuant to 28 U.S.C. § 1441 (federal question jurisdiction). Defendant contends federal jurisdiction existed at the time of removal and that this case should not be remanded to state court. Plaintiff contends that the matter should not have been removed for federal question jurisdiction. Plaintiff intends to clarify the pleadings (via dismissal or amendment) to make clear there is no federal question at issue.

## 2. FACTS

Plaintiff's Summary of Facts:

Plaintiff worked for Defendant as a Propulsion Technician beginning August 15 2008. In July 2014, after suffering a July 3, 2014 industrial injury, Plaintiff went out on disability leave via a letter from Dr. Wall indicating he would return in two weeks on July 22, 2014, with limitations against heavy lifting over 20 pounds and avoiding repetitive bending.

On July 7, 2014, Mr. Guzman sent an email informing Heather Lord, Jacob Braff (Supervisor, Propulsion Production) and Gustavo Livin (Group Lead) that he was having "lower back pain for some time," saw an orthopedic doctor related to his back and he was placed on 2 weeks rest with an MRI scheduled for July 8, 2014. He indicated his "plan" was "to return as soon as I get the Dr.'s ok."

On July 18, 2014, Elon Musk sent an email to all employees stating that all reviews, along with cash raises and stock awards are complete as of today and that raises would be effective as of August 1, 2014.

1   On July 21, 2014, Plaintiff's leave was extended by Dr. Wall to August 7, 2014.

2   On July 22, 2014, Plaintiff's workers' compensation attorney sent Defendant's agent, Chubb Los Angeles, a letter via mail indicating that Plaintiff was filing a workers' compensation claim and requested that "all communications regarding this case" should be directed to its office The letter requested a list of physicians as well as a complete copy of Plaintiff's personnel file and other records. An employee of the law firm signed a statement under penalty of perjury indicating the letter was mailed July 22, 2014 from Los Angeles to Space Exploration Technologies at 1 Rocket Rd., Hawthorne, CA 90250.

While on leave, Plaintiff sought treatment from another doctor, Dr. Sobol, on July 29, 2014. On July 29, 2014, Dr. Sobol's office (specifically Dr. Jacqueline S. Youssef, D.C.) diagnosed Plaintiff as temporarily totally disabled. His office informed Defendant of Plaintiff's condition via Defendant's agent and workers' compensation carrier Chubb Group.

Defendants failed to complete a review of Plaintiff's job performance, thus Plaintiff did not receive a cash raise.

Plaintiff complained and suggested that his performance review be sent to him via email. Defendant refused and reiterated that Plaintiff must come into the office for his review, thus once again denying Plaintiff his cash raise. Plaintiff complained about being treated differently.

On, August 6, 2014, Plaintiff notified Defendant via email at August 6, 2014 at 4:52 p.m. that he had a few questions and inquired about who he should speak to in Human Resources for answers.

On August 6, 2014, at 4:55 p.., Monica Juaregui sent an email to Long Kim Tran advising Tran to contact Plaintiff to address his concerns.

On August 6, 2014, at 5:17 p.m., Plaintiff informed Defendant's manager Long Kim Tran that "at the current moment I am on disability and unable to

work.... I have not returned to work because of medical issue with my lower back and I've been placed on disability." Plaintiff further informed Mr. Tran that he had contacted his supervisor Jacob Braff and requested the written review be emailed but Braff insisted that I come to work and meet in person like everyone else... I am on disability and not well and prefer a written copy emailed or mailed to me.... Please advise me as to why I'm not entitled to my review via email since I'm on disability so that I can receive my raise and retro pay."

On August 13, 2014, a human resource employee indicated that Defendant provided a workers' compensation claim form to Plaintiff on July 21, 2014 and received the claim form back on August 13, 2014. The claim form indicated that Plaintiff was temporarily totally disabled.

While on leave, Plaintiff received a telephone call on August 13, 2014 from Catarina Pham in Human Resources notifying Plaintiff that he had been terminated. Plaintiff responded immediately that he "was on disability" – Ms. Pham responded by stating "I know" – yet continued to process the termination. Defendant terminated Plaintiff on August 13, 2014 under the pretext of job abandonment.

Despite knowing of Plaintiff's disability, limitations, workers' compensation claim and continuing treatment, Defendants terminated Plaintiff's employment. Defendant knew of Plaintiff's disability and limitations but failed to engage in a good faith interactive process with Plaintiff (or his representatives) to determine Plaintiff's medical condition or expected date of return, thus breaching Defendant's duty to engage in the interactive process. Defendant also failed in its continuing duty to engage in the interactive process with Plaintiff, and failed to accommodate Plaintiff's known disability and limitations. Defendant also failed to provide notice of CFRA, interfered with Plaintiff's CFRA leave and retaliated against Plaintiff for opposing its unlawful practices of discriminating against him,

interfering with his leave and terminating him. Defendant also failed to take all reasonable steps to prevent discrimination and retaliation from occurring.

<u>Defendant's Summary of Facts</u>:

Plaintiff worked for Defendant as a Propulsion Technician from August 2008 until August 2014. On July 7, 2014, Plaintiff notified Defendant that he would be going on medical leave for two weeks due to a back injury. On July 18, 2014, Plaintiff notified Defendant that he would be returning to work on July 22, 2014 with restrictions on heavy lifting or bending. On July 21, 2014, Plaintiff notified Defendant his leave had been extended, and that he would be returning to work on August 7, 2014 with no restrictions. However, Plaintiff did not show up for work as planned on August 7, 2014, nor did he show up for work on August 8, 2014 or August 11, 2014. Further, Plaintiff did not notify Defendant that he would be absent from work on these days.

Pursuant to Defendant's employee handbook in effect at the time, Defendant can consider an employee to have abandoned his/her job, and therefore to have voluntarily terminated his/her at-will employment, where the employee does not report for work on three consecutive work days without notifying a supervisor or Human Resources. Since that is exactly what happened in this case, Defendant notified Plaintiff on August 12, 2014 that he had abandoned his job and would no longer be employed by Defendant.

Despite these facts, Plaintiff now accuses Defendant of disability discrimination and other disability-based misconduct under the California Fair Employment and Housing Act ("FEHA"), interference with medical leave, and wrongful termination.

3. **LEGAL ISSUES**

<u>Plaintiff's Summary of Legal Issues</u>: Plaintiff's Complaint alleges causes of action for (1) disability discrimination in violation of FEHA; (2) failure to engage

in the interactive process in violation of FEHA; (3) failure to accommodate disability in violation of FEHA; (4) failure to take all reasonable steps to prevent discrimination and retaliation in violation of FEHA; (5) retaliation in violation of FEHA; (6) interference with medical leave in violation of CFRA; and (7) wrongful termination in violation of public policy.

<u>Defendant's Summary of Legal Issues:</u> Plaintiff's Complaint alleges causes of action for (1) disability discrimination in violation of FEHA; (2) failure to engage in the interactive process in violation of FEHA; (3) failure to accommodate disability in violation of FEHA; (4) failure to take all reasonable steps to prevent discrimination and retaliation in violation of FEHA; (5) retaliation in violation of FEHA; (6) interference with medical leave in violation of CFRA/FMLA; and (7) wrongful termination in violation of public policy.

As noted in Defendant's Summary of Facts above, none of these claims have merit since Plaintiff abandoned his job pursuant to Defendant's written policy and Plaintiff was not subjected to any adverse action based upon his alleged back injury.

## 4. MOTIONS

There are no prior or pending motions in this case. The parties shall file discovery motions, summary judgment motions, and motions *in limine* as necessary.

<u>Plaintiff's Anticipated Motions</u>: Plaintiff intends to bring a motion to remand. On or about September 8, 2015, Plaintiff requested that Defendant stipulate to remand. On September 8, 2015, Defendant indicated that it would speak to the client about remand. Defendant responded on September 21, 2015, indicating that the client would not stipulate to remand.

<u>Defendant's Anticipated Motions</u>: Defendant anticipates filing a motion for summary judgment or partial summary judgment. This motion will likely be filed

after Plaintiff is deposed and, potentially, also after the depositions of third-party or expert witnesses.

## 5. EVIDENCE PRESERVATION

Counsel have instructed their respective clients to preserve all evidence that can reasonably be deemed relevant to this action. The parties have been instructed not to destroy or delete any relevant documentary evidence, including e-mails and electronic data.

## 6. DISCLOSURES

The parties will exchange Initial Disclosures on or before October 6, 2015.

## 7. DISCOVERY

<u>Types of Discovery</u>. The parties request that the Court permit discovery to the extent allowed under the Federal Rules of Civil Procedure. Defendant intends to take Plaintiff's deposition, as well as the depositions of certain third-party witnesses identified in the course of discovery. Plaintiff intends to depose Defendant's employees with knowledge of facts that may support Plaintiff's position.

Both parties served written discovery and responses thereto at the state court level prior to removal, but they may propound additional written discovery as necessary (and as permitted by discovery rules) as this case unfolds.

<u>Proposed Discovery Plan</u>. The parties intend to take depositions after they have completed the exchange of Initial Disclosures.

## 8. CLASS ACTION

This case is not a class action.

## 9. COMPLEX LITIGATION

This case is not complex and the Manual for Complex Litigation need not apply.

**10. RELATED CASES**

The parties are not currently aware of any related cases or other proceedings pending before this Court or any other court or administrative body.

**11. RELIEF**

<u>Plaintiff's Statement of Relief</u>: Plaintiff seeks the following relief, including but not limited to general and special damages in an amount according to proof and:

- Lost back wages and future earnings capacity,
- Pain and Suffering/Emotional Distress,
- Exemplary and punitive Damages,
- Attorney's Fees and costs of suit, including expert fees,
- Prejudgment interest,
- And for such other relief as the Court deems proper.

<u>Defendant's Request for Relief</u>: Defendant seeks the dismissal of this case with prejudice and an award of attorneys' fees and costs in Defendant's favor.

**12. SETTLEMENT AND ADR**

Of the ADR procedures outlined in Local Rule 16-15.4, Defendant prefers the first, which involves appearing before this Court for such settlement proceedings as this Court may conduct or direct. Defendant further prefers that ADR not take place until after Plaintiff's deposition has been taken. Plaintiff prefers private mediation but will participate in a settlement conference with a Magistrate.

**13. EXPEDITED SCHEDULE**

The parties do not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

**14. TRIAL**

Plaintiff has requested a trial by jury. Trial is anticipated to last 10 court days.

## 15. ADDITIONAL PARTIES

As noted in each party's timely filed Notice of Interested Parties, Plaintiff and Defendant are the only known interested parties at this time.

## 16. EXPERT WITNESSES

In addition to non-retained health professionals who treated Plaintiff and/or assisted with his medical notes, Plaintiff may call a human resources practices expert and/or medical experts to refute the opinions of Defendant's medical expert(s).

Expert witnesses may be enlisted by Defendant to opine on whether Plaintiff's alleged back injury qualifies as a disability.

## 17. SCHEDULING

Unless established by this Court, the parties will propose expert and non-expert discovery cut-off dates and a cut-off date for hearing dispositive motions after taking into consideration the Court's Order setting the dates of the Final Pre-Trial Conference and Trial in this action.

                                Respectfully Submitted,

Dated: September 24, 2015      FOX ROTHSCHILD LLP

/s/Lee B. Szor
Lee B. Szor
Attorneys for Defendant SPACEX

Dated: September 24, 2015      KESLUK, SILVERSTEIN & JACOB, P.C.

/s/Michael G. Jacob
Michael G. Jacob
Attorneys for Plaintiff GILBERT GUZMAN

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

On the date specified below, I filed the foregoing document(s):

**EARLY MEETING REPORT / JOINT RULE 26(F) REPORT**

with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/EMF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 24, 2015 at San Francisco, California.

/s/ Charlene Bryant
Charlene Bryant