Douglas N. Silverstein (SBN: 181957)
dsilverstein@californialaborlawattorney.com
Michael G. Jacob (SBN: 229939)
mjacob@californialaborlawattorney.com
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, CA  90069
Telephone: 310.273.3180
Facsimile: 310.273.6137

Attorneys for Plaintiff GILBERT GUZMAN

Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Lee Szor (SBN:  276381)
lszor@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.364.5540
Facsimile: 415.391.4436

Attorneys for Defendant SPACEX

# UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN,<br><br>               Plaintiff,<br><br>      v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation; and DOES 1 through 60, inclusive,<br><br>               Defendants. | Case No.: 2:15-cv-06000-R-RAO<br><br>**AMENDED EARLY MEETING REPORT / JOINT RULE 26(f) REPORT** |

1

**AMENDED EARLY MEETING REPORT / JOINT RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Re: Notice to Counsel (Doc. 5), Defendant SpaceX ("Defendant") and Plaintiff Gilbert Guzman ("Plaintiff") jointly submit this Amended Early Meeting Report / Joint Rule 26(f) Report ("Amended Report") following their conference on September 22, 2015. This Amended Report is identical to the original Report filed on September 24, 2015 (Doc. 9), except that the parties' counsel have disclosed their current trial schedules in Section 14 below.

1. **JURISDICTION AND SERVICE**

This is a civil action removed by Defendant pursuant to 28 U.S.C. § 1441 (federal question jurisdiction).  Defendant contends federal jurisdiction existed at the time of removal and that this case should not be remanded to state court. Plaintiff contends that the matter should not have been removed for federal question jurisdiction. Plaintiff intends to clarify the pleadings (via dismissal or amendment) to make clear there is no federal question at issue.

2. **FACTS**

Plaintiff's Summary of Facts:

Plaintiff worked for Defendant as a Propulsion Technician beginning August 15 2008. In July 2014, after suffering a July 3, 2014 industrial injury, Plaintiff went out on disability leave via a letter from Dr. Wall indicating he would return in two weeks on July 22, 2014, with limitations against heavy lifting over 20 pounds and avoiding repetitive bending.

On July 7, 2014, Mr. Guzman sent an email informing Heather Lord, Jacob Braff (Supervisor, Propulsion Production) and Gustavo Livin (Group Lead) that he was having "lower back pain for some time," saw an orthopedic doctor related to his back and he was placed on 2 weeks rest with an MRI scheduled for July 8, 2014. He indicated his "plan" was "to return as soon as I get the Dr.'s ok."

/ / /

1   On July 18, 2014, Elon Musk sent an email to all employees stating that all

2  reviews, along with cash raises and stock awards are complete as of today and that

3  raises would be effective as of August 1, 2014.

4   On July 21, 2014, Plaintiff's leave was extended by Dr. Wall to August 7,

5  2014.

6   On July 22, 2014, Plaintiff's workers' compensation attorney sent

7  Defendant's agent, Chubb Los Angeles, a letter via mail indicating that Plaintiff

8  was filing a workers' compensation claim and requested that "all communications

9  regarding this case" should be directed to its office The letter requested a list of

10  physicians as well as a complete copy of Plaintiff's personnel file and other

11  records. An employee of the law firm signed a statement under penalty of perjury

12  indicating the letter was mailed July 22, 2014 from Los Angeles to Space

13  Exploration Technologies at 1 Rocket Rd., Hawthorne, CA 90250.

14   While on leave, Plaintiff sought treatment from another doctor, Dr. Sobol,

15  on July 29, 2014.  On July 29, 2014, Dr. Sobol's office (specifically Dr. Jacqueline

16  S. Youssef, D.C.) diagnosed Plaintiff as temporarily totally disabled.  His office

17  informed Defendant of Plaintiff's condition via Defendant's agent and workers'

18  compensation carrier Chubb Group.

19   Defendants failed to complete a review of Plaintiff's job performance, thus

20  Plaintiff did not receive a cash raise.

21   Plaintiff complained and suggested that his performance review be sent to

22  him via email. Defendant refused and reiterated that Plaintiff must come into the

23  office for his review, thus once again denying Plaintiff his cash raise.  Plaintiff

24  complained about being treated differently.

25   On, August 6, 2014, Plaintiff notified Defendant via email at August 6, 2014

26  at 4:52 p.m. that he had a few questions and inquired about who he should speak to

27  in Human Resources for answers.

28  / / /

3

On August 6, 2014, at 4:55 p.., Monica Juaregui sent an email to Long Kim Tran advising Tran to contact Plaintiff to address his concerns.

On August 6, 2014, at 5:17 p.m., Plaintiff informed Defendant's manager Long Kim Tran that "at the current moment I am on disability and unable to work…. I have not returned to work because of medical issue with my lower back and I've been placed on disability." Plaintiff further informed Mr. Tran that he had contacted his supervisor Jacob Braff and requested the written review be emailed but Braff insisted that I come to work and meet in person like everyone else…   I am on disability and not well and prefer a written copy emailed or mailed to me…. Please advise me as to why I'm not entitled to my review via email since I'm on disability so that I can receive my raise and retro pay."

On August 13, 2014, a human resource employee indicated that Defendant provided a workers' compensation claim form to Plaintiff on July 21, 2014 and received the claim form back on August 13, 2014. The claim form indicated that Plaintiff was temporarily totally disabled.

While on leave, Plaintiff received a telephone call on August 13, 2014 from Catarina Pham in Human Resources notifying Plaintiff that he had been terminated.   Plaintiff responded immediately that he "was on disability" – Ms. Pham responded by stating "I know" – yet continued to process the termination. Defendant terminated Plaintiff on August 13, 2014 under the pretext of job abandonment.

Despite knowing of Plaintiff's disability, limitations, workers' compensation claim and continuing treatment, Defendants terminated Plaintiff's employment. Defendant knew of Plaintiff's disability and limitations but failed to engage in a good faith interactive process with Plaintiff (or his representatives) to determine Plaintiff's medical condition or expected date of return, thus breaching Defendant's duty to engage in the interactive process.  Defendant also failed in its continuing duty to engage in the interactive process with Plaintiff, and failed to

4

accommodate Plaintiff's known disability and limitations. Defendant also failed to provide notice of CFRA, interfered with Plaintiff's CFRA leave and retaliated against Plaintiff for opposing its unlawful practices of discriminating against him, interfering with his leave and terminating him. Defendant also failed to take all reasonable steps to prevent discrimination and retaliation from occurring.

Defendant's Summary of Facts:

Plaintiff worked for Defendant as a Propulsion Technician from August 2008 until August 2014. On July 7, 2014, Plaintiff notified Defendant that he would be going on medical leave for two weeks due to a back injury. On July 18, 2014, Plaintiff notified Defendant that he would be returning to work on July 22, 2014 with restrictions on heavy lifting or bending. On July 21, 2014, Plaintiff notified Defendant his leave had been extended, and that he would be returning to work on August 7, 2014 with no restrictions. However, Plaintiff did not show up for work as planned on August 7, 2014, nor did he show up for work on August 8, 2014 or August 11, 2014. Further, Plaintiff did not notify Defendant that he would be absent from work on these days.

Pursuant to Defendant's employee handbook in effect at the time, Defendant can consider an employee to have abandoned his/her job, and therefore to have voluntarily terminated his/her at-will employment, where the employee does not report for work on three consecutive work days without notifying a supervisor or Human Resources. Since that is exactly what happened in this case, Defendant notified Plaintiff on August 12, 2014 that he had abandoned his job and would no longer be employed by Defendant.

Despite these facts, Plaintiff now accuses Defendant of disability discrimination and other disability-based misconduct under the California Fair Employment and Housing Act ("FEHA"), interference with medical leave, and wrongful termination.

/ / /

EARLY MEETING REPORT / JOINT RULE 26(f)          CASE NO. 2:15-cv-06000-R-RAO

3.  **LEGAL ISSUES**

    Plaintiff's Summary of Legal Issues:  Plaintiff's Complaint alleges causes of action for (1) disability discrimination in violation of FEHA; (2) failure to engage in the interactive process in violation of FEHA; (3) failure to accommodate disability in violation of FEHA; (4) failure to take all reasonable steps to prevent discrimination and retaliation in violation of FEHA; (5) retaliation in violation of FEHA; (6) interference with medical leave in violation of CFRA; and (7) wrongful termination in violation of public policy.

    Defendant's Summary of Legal Issues:  Plaintiff's Complaint alleges causes of action for (1) disability discrimination in violation of FEHA; (2) failure to engage in the interactive process in violation of FEHA; (3) failure to accommodate disability in violation of FEHA; (4) failure to take all reasonable steps to prevent discrimination and retaliation in violation of FEHA; (5) retaliation in violation of FEHA; (6) interference with medical leave in violation of CFRA/FMLA; and (7) wrongful termination in violation of public policy.

    As noted in Defendant's Summary of Facts above, none of these claims have merit since Plaintiff abandoned his job pursuant to Defendant's written policy and Plaintiff was not subjected to any adverse action based upon his alleged back injury.

4.  **MOTIONS**

    There are no prior or pending motions in this case. The parties shall file discovery motions, summary judgment motions, and motions *in limine* as necessary.

    Plaintiff's Anticipated Motions: Plaintiff intends to bring a motion to remand. On or about September 8, 2015, Plaintiff requested that Defendant stipulate to remand.  On September 8, 2015, Defendant indicated that it would speak to the client about remand.  Defendant responded on September 21, 2015, indicating that the client would not stipulate to remand.

1   <u>Defendant's Anticipated Motions</u>: Defendant anticipates filing a motion for
2   summary judgment or partial summary judgment. This motion will likely be filed
3   after Plaintiff is deposed and, potentially, also after the depositions of third-party
4   or expert witnesses.

5   **5.     EVIDENCE PRESERVATION**

6   Counsel have instructed their respective clients to preserve all evidence that
7   can reasonably be deemed relevant to this action. The parties have been instructed
8   not to destroy or delete any relevant documentary evidence, including e-mails and
9   electronic data.

10  **6.     DISCLOSURES**

11  The parties will exchange Initial Disclosures on or before October 6, 2015.

12  **7.     DISCOVERY**

13  <u>Types of Discovery</u>.  The parties request that the Court permit discovery to
14  the extent allowed under the Federal Rules of Civil Procedure. Defendant intends
15  to take Plaintiff's deposition, as well as the depositions of certain third-party
16  witnesses identified in the course of discovery. Plaintiff intends to **depose**
17  Defendant's employees with knowledge of facts that may support Plaintiff's
18  position.

19  Both parties served written discovery and responses thereto at the state court
20  level prior to removal, but they may propound additional written discovery as
21  necessary (and as permitted by discovery rules) as this case unfolds.

22  <u>Proposed Discovery Plan</u>.  The parties intend to take depositions after they
23  have completed the exchange of Initial Disclosures.

24  **8.     CLASS ACTION**

25  This case is not a class action.

26  **9.     COMPLEX LITIGATION**

27  This case is not complex and the Manual for Complex Litigation need not
28  apply.

EARLY MEETING REPORT / JOINT RULE 26(f)          CASE NO. 2:15-cv-06000-R-RAO

## 10.    RELATED CASES

The parties are not currently aware of any related cases or other proceedings pending before this Court or any other court or administrative body.

## 11.    RELIEF

Plaintiff's Statement of Relief: Plaintiff seeks the following relief, including but not limited to general and special damages in an amount according to proof and:

- Lost back wages and future earnings capacity,
- Pain and Suffering/Emotional Distress,
- Exemplary and punitive Damages,
- Attorney's Fees and costs of suit, including expert fees,
- Prejudgment interest,
- And for such other relief as the Court deems proper.

Defendant's Request for Relief: Defendant seeks the dismissal of this case with prejudice and an award of attorneys' fees and costs in Defendant's favor.

## 12.    SETTLEMENT AND ADR

Of the ADR procedures outlined in Local Rule 16-15.4, Defendant prefers the first, which involves appearing before this Court for such settlement proceedings as this Court may conduct or direct. Defendant further prefers that ADR not take place until after Plaintiff's deposition has been taken.   Plaintiff prefers private mediation but will participate in a settlement conference with a Magistrate.

## 13.    EXPEDITED SCHEDULE

The parties do not believe this case is appropriate for handling on an expedited basis with streamlined procedures.

## 14.    TRIAL

Plaintiff has requested a trial by jury. Trial is anticipated to last 10 court days.

1    Defendant's counsel is currently committed to the following trial dates in

2  other matters:

3                              **Case No.**          **County**

4  **2015**
   11/17/15 – 11/24/15      CIV1304891         Marin

5  12/07/15 – 12/11/15      BC568896           Los Angeles

6  12/07/15 – 12/11/15      CGC13534852        San Francisco

7  **2016**

8  02/05/16 – 02/16/16      SCV256114          Sonoma
   02/22/16 – 03/04/16      CIV530805          San Mateo

9  03/07/16 – 03/11/16      RG14729845         Alameda

10 03/15/16 – 03/22/16      CV1303547          Marin
   03/21/16 – 03/25/16      CGC14541864        San Francisco

11 04/04/16 – 04/08/16      CVUJ141144         Del Norte

12 04/04/16 – 04/08/16      RG15756253         Alameda
   04/11/16 – 04/18/16      RG15769653         Alameda

13 04/18/16 – 04/26/16      HG14720336         Alameda

14 04/25/16 – 04/29/16      CGC15545522        San Francisco
   04/25/16 – 04/29/16      BC574495           Los Angeles

15 05/06/16 – 05/13/16      SCV255230          Sonoma

16 05/16/16 – 05/27/16      RG14743556         Alameda
   07/05/16 – 07/12/16      RG15768986         Alameda

17 07/18/16 – 07/27/16      1100080567         JAMS

18 **2017**

19 02/06/17 – 02/10/17      BC560127           Los Angeles

20 Plaintiff's counsel is scheduled to be in trial as follows:

21
   02/01/16 – 02/09/16
22 02/16/16 – 03/09/16
   03/14/16 – 03/25/16
23 03/28/16 – 05/04/16
   05/17/16 – 05/25/16
24 06/13/16 – 06/20/16
   06/23/16 – 07/05/16
25 07/11/16 – 07/22/16
   08/01/16 – 08/05/16
26 08/08/16 – 08/19/16
   10/03/16 – 10/17/16
27 04/03/17 – 04/13/17

28

9

## 15.  ADDITIONAL PARTIES

As noted in each party's timely filed Notice of Interested Parties, Plaintiff and Defendant are the only known interested parties at this time.

## 16.  EXPERT WITNESSES

In addition to non-retained health professionals who treated Plaintiff and/or assisted with his medical notes, Plaintiff may call a human resources practices expert and/or medical experts to refute the opinions of Defendant's medical expert(s).

Expert witnesses may be enlisted by Defendant to opine on whether Plaintiff's alleged back injury qualifies as a disability.

## 17.  SCHEDULING

Unless established by this Court, the parties will propose expert and non-expert discovery cut-off dates and a cut-off date for hearing dispositive motions after taking into consideration the Court's Order setting the dates of the Final Pre-Trial Conference and Trial in this action.

Respectfully Submitted,

Dated:  September 28, 2015          FOX ROTHSCHILD LLP

/s/Lee B. Szor
Lee B. Szor
Attorneys for Defendant SPACEX

Dated:  September 28, 2015          KESLUK, SILVERSTEIN & JACOB, P.C.

/s/Michael G. Jacob
Michael G. Jacob
Attorneys for Plaintiff GILBERT GUZMAN

10

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action; my business address is:  345 California Street, Suite 2200, San Francisco, CA 94104.

On the date specified below, I filed the foregoing document(s):

**AMENDED EARLY MEETING REPORT / JOINT RULE 26(F) REPORT**

with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/EMF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed September 28, 2015 at San Francisco, California.


/s/ Charlene Bryant
Charlene Bryant

EARLY MEETING REPORT / JOINT RULE 26(f)                  CASE NO. 2:15-cv-06000-R-RAO