Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com

Attorneys for Plaintiff GILBERT GUZMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| GILBERT GUZMAN, an individual, | CASE NO. 2:15-cv-06000-R-RAO |
|---|---|
| Plaintiff, | *[Assigned to Courtroom 8 - Honorable Manuel L. Real, Rozella A. Oliver, Magistrate]* |
| v. | |
| SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation; and DOES 1 through 60, inclusive, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |
| Defendants. | 1. **Disability Discrimination in Violation of FEHA;** |
| | 2. **Failure to Engage in the Interactive Process in Violation of FEHA;** |
| | 3. **Failure to Accommodate Disability in Violation of FEHA;** |
| | 4. **Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation;** |
| | 5. **Retaliation in Violation of FEHA;** |
| | 6. **Interference With Leave in Violation of CFRA; and** |
| | 7. **Wrongful Termination in Violation of Public Policy.** |
| | **PUNITIVE DAMAGES** |
| | **DEMAND FOR JURY TRIAL** |

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1

FIRST AMENDED COMPLAINT

**UNLIMITED JURISDICTION**

Complaint filed: March 9, 2015
Removal: August 10, 2015
Trial Date: April 25, 2016

Plaintiff GILBERT GUZMAN ("Plaintiff") alleges as follows:

1. Plaintiff GILBERT GUZMAN is, and at all material times was, an individual residing in the County of Los Angeles, State of California.

2. Defendant SPACE EXPLORATION TECHNOLOGIES CORP. ("SPACEX" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, an Delaware corporation authorized to do business in the County of Los Angeles, State of California. Defendant operated out of an office located at 1 Rocket Rd., Hawthorne CA.

3. Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants. Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4. Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment. Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2
FIRST AMENDED COMPLAINT

each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

5. Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendant DOES 1 to 60, inclusive, were the agents, servants, partners, employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners and/or joint-venturers with the permission, consent and approval, or subsequent ratification of their co-Defendants.

6. Plaintiff is further informed, and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants.

7. Plaintiff is further informed, and believes, and on that basis alleges that Defendant and DOE Defendants failed to adhere to corporate and legal formalities. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

8. Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

9. Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3
FIRST AMENDED COMPLAINT

to Sue" notice as to Defendants. All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

## GENERAL ALLEGATIONS

10. Mr. Guzman began working for the Company as a Propulsion Technician on or about August 15, 2008.

11. On or about July 7, 2014, Mr. Guzman emailed Jacob Braff (Supervisor, Propulsion Production) and Gustavo Litvin (Group Lead), indicating that he was experiencing disabling lower back pain.

12. On July 8, 2014, Mr. Guzman notified Heather Lord (Human Resources/Recruiting, Benefits & Relocation Specialist) that his doctor placed him on two (2) weeks of bed rest as a result of a disability. He provided a doctor's note and told her that he planned to return to work as soon as his doctors cleared him to return to work.

13. On July 18, 2014, CEO Elon Musk indicated in an email that raises and bonuses for employees would go into effect on August 1, 2014.

14. On July 21, 2014, Mr. Guzman's doctor prescribed additional leave through August 7, 2014, and on that date, extended his leave until August 22, 2014.

15. On July 22, 2014, the Company was notified by Mr. Guzman's counsel that the leave was a result of an industrial injury and that it should communicate with his counsel regarding the accident.

16. On August 6, 2014, Mr. Guzman requested his written review and complained he had not received a retroactive raise in connection with Mr. Musk's July 18, 2014 email. Mr. Braff insisted upon meeting with Mr. Guzman before finalizing the review.

17. Following up on his complaint, Mr. Guzman indicated he had various questions that remained and inquired who he should speak to in Human Resources to address them.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

18. On August 6, 2014, Monica Juaregui (Security Officer) emailed Long Kim Tran (Human Resources), advising Tran to contact Mr. Guzman to address his various questions. The Company nonetheless never contacted or attempted to contact Mr. Guzman or his counsel to determine his medical condition or his expected date of return in breach of the Company's duty to engage in an interactive process.

19. On August 7, 2014, the Company wrongfully terminated Mr. Guzman under the pretense of job abandonment. The "Closing Statement," prepared at 3:03:32 P.M., lists his Termination Date as August 8, 2014.

20. Human Resource Manager Catarina "Cat" Pham informed Mr. Guzman of the termination.

# FIRST CLAIM

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

### (Against Defendant and DOES 1-60, inclusive)

21. As a separate and distinct claim, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim.

22. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of his physical and/or mental disability.

23. Prior to Plaintiff's termination and due to his physical and/or mental disability, Plaintiff was limited in the major life activities including working. Nevertheless, Plaintiff could perform the essential functions of his position with or without a reasonable accommodation. As such, Plaintiff was a qualified disabled

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5
FIRST AMENDED COMPLAINT

person within the meaning of FEHA.

24. Defendants, and each of them, were aware of Plaintiff's disability as set forth above, because Plaintiff had informed Defendants of his disability, told Defendants of his limitations and requested leave.

25. Defendants perceived and regarded Plaintiff as having a disability.

26. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

27. Defendants terminated Plaintiff because of his disability among other unlawful reasons.

28. By engaging in the above referenced acts and omissions, Defendant and DOES 1-60, and each of them, discriminated against Plaintiff because of his disability in violation of Government Code §§ 12940 *et seq*.

29. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

30. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

31. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

32. The acts and conduct of Defendants, and each of them, including, but not limited to Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294©), in

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6
FIRST AMENDED COMPLAINT

that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

33. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

34. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

## SECOND CLAIM

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

**(Against Defendant and DOES 1-60, inclusive)**

35. As a separate and distinct claim, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim

36. Pursuant to California Government Code § 12940(n), Defendant and DOES 1-60 inclusive, were required to engage with Plaintiff in a good faith interactive process to determine the extent of his disability and how it could be reasonably accommodated.

37. Plaintiff was at all times ready and willing to engage in the good faith

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7
FIRST AMENDED COMPLAINT

interactive mandated by California Government Code § 12940(n).  However, Defendant and DOES 1-60 inclusive, failed to engage in said good faith interactive process with Plaintiff.

38. Defendants terminated Plaintiff's employment as a direct result of Defendant's (and DOES 1-60 inclusive), failure to engage in any good faith interactive process, among other unlawful reasons.

39. By engaging in the above referenced acts and omissions, Defendants, and each of them, and DOES 1-60 inclusive, discriminated against Plaintiff because of his disability in violation of Government Code §§ 12940 *et seq.*

40. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

41. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

42. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

43. The acts and conduct of Defendants, and each of them, including, but not limited to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

44. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8
FIRST AMENDED COMPLAINT

corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

45. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

## THIRD CLAIM

## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

**(Against Defendant and DOES 1-60, inclusive)**

46. As a separate and distinct claim, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim.

47. Pursuant to California Government Code §§ 12940(m) and 12945(c), Defendant and DOES 1-60 inclusive, were required to reasonably accommodate Plaintiff's disability. Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

48. By engaging in the above- referenced acts and omissions, Defendants and DOES 1-60, and each of them, failed to accommodate Plaintiff's disability.

49. Defendants terminated Plaintiff's employment as a direct result of Defendants' (and DOES 1-60 inclusive) failure to accommodate Plaintiff's known disability, among other unlawful reasons.

50. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

51. As a proximate result of Defendants' wrongful conduct, Plaintiff has

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

52. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

53. The acts and conduct of Defendants, and each of them, including, but not limited to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

54. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

55. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

## FOURTH CLAIM

## FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA

**(Against Defendant and DOES 1-60, inclusive)**

56. As a separate and distinct claim, Plaintiff complains and realleges all

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

10
FIRST AMENDED COMPLAINT

of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim.

57. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

58. Defendants and each of them, and DOES 1-60 discriminated against and retaliated against Plaintiff because of Plaintiff's disability and because Plaintiff requested reasonable accommodation and protected leave and took protected leave by wrongfully terminating Plaintiff.

59. By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful discrimination and retaliation in violation of Government Code §§ 12940 *et seq.*

60. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

61. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

62. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

63. The acts and conduct of Defendants, and each of them, including, but not limited to Braff, Lord, Tran and Pham, constituted "malice," "oppression"

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11
FIRST AMENDED COMPLAINT

and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

64. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

65. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

## FIFTH CLAIM

## RETALIATION IN VIOLATION OF FEHA

**(Against Defendants, and Each of Them, and DOES 1-60)**

66. As a separate and distinct claim, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim.

67. Defendants, and each of them, including their agents, employees and representatives, are subject to suit under Sections 12940, *et seq.*, of the California Fair Employment and Housing Act ("FEHA").

68. On August 6, 2014, Mr. Guzman requested his written review and complained he had not received a retroactive raise as promised in Mr. Musk's July

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

12
FIRST AMENDED COMPLAINT

18, 2014 email. Mr. Braff insisted upon meeting with Mr. Guzman before finalizing the review.

69. Following up on his good faith complaint, Mr. Guzman indicated he had various questions that remained and inquired who he should speak to in Human Resources to address them.

70. Plaintiff took part in the protected activities of complaining about what he reasonable believed to be discrimination and requesting accommodation and taking protected leave as herein alleged. Plaintiff also followed up after his requests were ignored and/or denied.

71. In retaliation therefore, Defendants terminated Plaintiff's employment.

72. In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this State against such practices. Specifically, Defendants, and each of them, violated Sections 12940(h) and 12945 of the FEHA.

73. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

74. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

75. The acts and conduct of Defendants, and each of them, including but not limited to Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

76. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

77. Plaintiff will also seek and is entitled to recover attorneys' fees in connection with this claim under Government Code § 12965.

## SIXTH CLAIM
## INTERFERENCE WITH LEAVE
## IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT
**(Against All Defendants and DOES 1-60, inclusive)**

78. As a separate and distinct claim, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim.

79. Plaintiff was an employee of Defendants who qualified for leave due to his own serious health condition pursuant to California Government Code §§ 12945.2, *et seq*.

80. At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code § 12945.2, in that Defendants regularly employed 50 or more people.

81. Plaintiff needed time off to seek care for his own serious health condition and Plaintiff was qualified for protected leave under California Family

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

14
FIRST AMENDED COMPLAINT

Rights Act for his own serious health condition.

82. Defendants, and each of them, and DOES 1 to 60, inclusive, interfered with Plaintiff's protected leave and terminated Plaintiff's employment in retaliation for requesting and taking his protected leave.

83. Defendants, and each of them, failed to adhere to their duties to provide Notice in accordance with the regulations governing the California Family Rights Act.

84. Defendants are estopped from asserting that Plaintiff was not entitled to leave as a result of their acts and omissions.

85. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

86. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

87. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

88. The acts and conduct of Defendants, and each of them, including, but not limited to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294©), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

89. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

15
FIRST AMENDED COMPLAINT

corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

90. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

## SEVENTH CLAIM

## WRONGFUL TERMINATION VIOLATION OF PUBLIC POLICY

**(Against Defendant and DOES 1-60, inclusive)**

92. As a separate and distinct claim, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this claim as though fully set forth herein, excepting those allegations which are inconsistent with this claim.

93. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, was to prohibit employers from harassing, discriminating and retaliating against any individual based on perceived and/or physical disability(s), and/or based upon exercise of rights under that section. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and terminating Plaintiff's employment on the grounds stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq*., and the laws and regulations promulgated thereunder.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

16
FIRST AMENDED COMPLAINT

94. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12945.2, was to prohibit employers from discriminating and retaliating against any individual based on their taking leave, requesting or needing accommodation. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

95. Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and terminating Plaintiff's employment on the grounds stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12945.2, *et seq.*, and the laws and regulations promulgated there under.

96. Defendant's discharge of Plaintiff violated the aforementioned fundamental principles of public policy.

97. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

98. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

99. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

100. The acts and conduct of Defendants, and each of them, including, but not limited to, Braff, Lord, Tran and Pham, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

17
FIRST AMENDED COMPLAINT

was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

101. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. General and special damages according to proof;
2. Costs of suit incurred herein, including expert fees;
3. Reasonable attorneys' fees pursuant to Government Code § 12965;
4. Punitive and exemplary damages;
5. A declaratory judgment that the practices complained of herein are unlawful under California law for which claims are herein pleaded;
6. Pre-Judgment and post-judgment interest as provided by law; and
7. Such other and further and equitable relief as this Court deems necessary, just and proper.

DATED: November 18, 2015

KESLUK, SILVERSTEIN & JACOB, P.C.

By: _/s/ Michael J. Jacob_____
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff GILBERT GUZMAN

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

18
FIRST AMENDED COMPLAINT

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: November 18, 2015

                KESLUK, SILVERSTEIN & JACOB, P.C.


By: _/s/ Michael G. Jacob_____
    Douglas N. Silverstein, Esq.
    Michael G. Jacob, Esq.
    Attorneys for Plaintiff GILBERT GUZMAN

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

19
FIRST AMENDED COMPLAINT

## **CERTIFICATE OF SERVICE**

      I hereby certify this 18th day of November, 2015 the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Alexander Hernaez, Esq.
Lee Szor, Esq.
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
415-364-5540 | Main
415-391-4436 | Fax
ahernaez@foxrothschild.com
lszor@foxrothschild.com

[*Attorneys for Defendants SPACEX*]

                                                      /s/ Michael Bew