Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com

Attorneys for Plaintiff GILBERT GUZMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation; and DOES 1 through 60, inclusive,<br><br>Defendants. | **CASE NO. 2:15-cv-06000-R-RAO**<br><br>*[Assigned to Courtroom 8 - Honorable Manuel L. Real, Rozella A. Oliver, Magistrate]*<br><br>**PLAINTIFF GILBERT GUZMAN'S MOTION TO REMAND DUE TO LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br><br>Date: December 21, 2015<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>*[Concurrently filed with Notice of Motion, and Declaration of Michael G. Jacob]*<br><br>Complaint filed: March 9, 2015<br>Removal: August 10, 2015<br>Trial Date: May 17, 2016 |

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

MOTION TO REMAND

## I. INTRODUCTION

Plaintiff Gilbert Guzman ("Plaintiff") worked for Defendant Space Exploration Technologies Corp. ("SpaceX") as a propulsion technician for approximately six years. After a workplace injury, he went out on disability leave and filed a workers' compensation claim. Despite being in contact with Mr. Guzman via email within days of his termination, with his managers having knowledge of Mr. Guzman's disability and need for leave, his managers terminated him, all agreeing to conclude that he abandoned his job.

Plaintiff filed a complaint in state court, alleging disability discrimination and related Fair Employment & Housing Act ("FEHA") claims, as well a sixth cause of action entitled "Interference with Leave in Violation of the California Family Rights Act" – though the complaint in various paragraphs dually referenced California Family Rights Act/Family Medical Leave Act. Defendant did not move for removal initially, noting the complaint was "unclear from the face of Plaintiff's complaint whether the Sixth Cause of Action is brought solely pursuant to the [CFRA]…" Szor Decl., ¶3. Defendant thereafter served a Request for Admission upon Plaintiff in state court, asking "Admit that you are not pursuing a claim under the federal Family Medical Leave Act." Szor Decl., ¶¶4-5. Plaintiff denied the RFA because the CFRA expressly "incorporates by reference" the FMLA. 2 Cal. Code Reg. § 7297.10. Defendant thereafter filed a Notice of Removal asserting that Plaintiff clarified he is "pursuing a claim under the FMLA." Szor Decl., ¶5.

On November 18, 2015, Plaintiff filed a First Amended Complaint eliminating any reference in his Complaint to the FMLA, retaining only references to state law FEHA based claims and the CFRA. (Doc. #17). Plaintiff seeks remand due to the lack of federal question subject matter jurisdiction. In situations such as this one where the federal claims are withdrawn early in a case, the United States Supreme Court makes clear that "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction." *Carnegie-Mellon v. Cohill,* 484 U.S. 343, 351

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1
MOTION TO REMAND

(1988). The 9th Circuit has followed suit, making clear that while the Court retains wide discretion, it is "generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Accordingly discretionary remand is proper.

## II.   THE BURDEN OF ESTABLISHING FEDERAL QUESTION JURISDICTION IS ON DEFENDANT, AND THE REMOVAL STATUTE IS CONSTRUED STRICTLY AGAINST REMOVAL

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Protection*, 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

The request for remand is timely. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). Indeed, defects in subject matter jurisdiction can even be raised for the first time on appeal; *see American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17-18, 71 S.Ct. 534, 542 (1951).

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2
MOTION TO REMAND

jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix* (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

The removal statute is strictly construed because of the "'Congressional purpose to restrict the jurisdiction of the federal courts on removal." *Duncan v. Stuezle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 85 L. Ed. 1214, 61 S. Ct. 868 (1941)). **Any doubts** about the propriety of removal ***must be resolved in favor of remand***. *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III.  ARGUMENT

### A.  The United States Supreme Court Is Clear that it is Preferable to Remand State Law Claims to State Court when the Federal Claim is Removed Early in the Litigation

On November 18, 2015, Plaintiff filed a First Amended Complaint eliminating any reference in his Complaint to the FMLA, making clear that he only relies upon state law FEHA based claims and the CFRA. (Doc. #17). Where removal was based on a federal question, and the federal claim has been eliminated, the court may either retain, remand or dismiss supplemental state claims. *Taylor v. First of America Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1993) *Robertson v. Neuromedical Center* (5th Cir. 1998) 161 F.3d 292, 296.

In situations such as this one where the federal claims are withdrawn early in a case, the United States Supreme Court makes clear that "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction." *Carnegie-Mellon v. Cohill,* 484 U.S. 343, 351 (1988). The 9th Circuit has followed suit, making clear that while the Court retains wide discretion, it is "generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century*

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3
MOTION TO REMAND

*Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). The Ninth Circuit is also clear that in the usual case, the district court should remand the matter as once the federal claim is removed, "the balance of factors will weigh toward remanding any remaining pendent state claims to state court. (*Citation omitted*)." *Id.*; *see also* 28 U.S.C. § 1367(c)(3).

Here, in addition to the dismissal of the sole federal claim occurring early in the proceeding, the substantive litigation of this case, including considerable written discovery, ***has already been propounded and responded to in the state court proceeding***. Jacob Decl., ¶¶2-3. In this regard, the parties previously propounded and responded to the following discovery in the state court proceeding:

| Tab No. | Discovery Title | Served By | Date |
|---|---|---|---|
| 1 | Form Interrogatories-General, Set No. One | Defendant | 04/30/15 |
| 2 | Form Interrogatories-Employment Law, Set No. One | Defendant | 04/30/15 |
| 3 | Special Interrogatories, Set One | Defendant | 04/30/15 |
| 4 | Requests for Production of Documents, Set One | Defendant | 04/30/15 |
| 5 | Requests for Admission, Set No. One | Defendant | 04/30/15 |
| 6 | Form Interrogatories-Employment Law, Set No. One | Plaintiff | 05/14/15 |
| 7 | Form Interrogatories-General, Set No. One | Plaintiff | 05/14/15 |
| 8 | Request for Production of Documents, Set No. One | Plaintiff | 05/14/15 |
| 9 | Subpoena for Production of Records (Chubb Group) | Plaintiff | 07/02/15 |
| 10 | Response to Form Interrogatories-General, Set One | Plaintiff | 07/09/15 |
| 11 | Response to Form Interrogatories-Employment Law, Set One | Plaintiff | 07/09/15 |
| 12 | Response to Special Interrogatories, Set One | Plaintiff | 07/09/15 |
| 13 | Response to Requests for Admission, Set One | Plaintiff | 07/09/15 |
| 14 | Response to Requests for Production of Documents, Set One | Plaintiff | 07/09/15 |
| 15 | Response to Form Interrogatories-Employment Law, Set One | Defendant | 07/23/15 |

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

| 16 | Response to Form Interrogatories- General, Set One | Defendant | 07/23/15 |
|---|---|---|---|
| 17 | Response to Request for Production of Documents, Set One | Defendant | 07/23/15 |

In contrast, aside from initial disclosures and a joint stipulation to continue the trial dates, there has been no motion practice or formal discovery in the federal proceeding.[1]  Jacob Decl., ¶¶2-3.  Accordingly, in addition to the Court having a "powerful reason" to decline to exercise jurisdiction of the remaining state law claims, and the fact it is "generally preferable" that the district court remand a case no longer containing federal claims, the procedural history of this case (including substantial state law discovery) also weighs heavily in favor of remanding the matter to state court.

> **B. Defendant SPACEX Did Not Properly Remove the Matter on the Basis of Federal Question Jurisdiction Because None of Plaintiff's Claims "Arise Under" Federal Law**

To establish the existence of federal question jurisdiction, SPACEX must demonstrate that at least one of Plaintiff's claims "arises under" federal law. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474-75, 139 L. Ed. 2d 912, 118 S. Ct. 921, 925 (1998) (citing 28 U.S.C. § 1331).  The Supreme Court has "long held" that the federal question must appear on the face of the well-pleaded complaint. *Id.* at 475.  The so-called "well-pleaded complaint rule" requires that "'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112, 81 L. Ed. 70, 57 S. Ct. 96 (1936)); *see also Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983)) (citation omitted); *Franchise Tax Bd.*, 463 U.S. at 27-28 ("[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either

---

[1] The parties have discussed taking depositions in January 2016.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5
MOTION TO REMAND

that ***federal law creates the cause of action***, or that the plaintiff's right to relief ***necessarily depends on resolution of a substantial question of law***.").

The CFRA regulations provide that they incorporate by reference the FMLA regulations to the extent they are not inconsistent with CFRA regulations, other state law or the California Constitution**.** 2 Cal. Code Regs §11097. When both federal and California law apply simultaneously, the federal law does not supersede any provision of California law that provides greater family or medical leave rights than those provided by the FMLA. 29 CFR § 825.701.

The fact that the CFRA claim and FMLA claim share some common elements does not transform Plaintiffs' state claims into federal claims. It is well established that "the party who brings a suit is master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co*., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), and "if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." Sullivan, 813 F.2d at 1372 (citing, *inter alia,* 1 A.J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.160[3.-3], at 231-32 (2d ed. 1986)).

The CFRA regulations provide that they incorporate by reference the FMLA regulations to the extent they are not inconsistent with CFRA regulations, other state law or the California Constitution. *California Employment Law*, (Matthew Bender 2004) sec 8.20; citing, 2 Cal. Code Reg. sec 7297.10. In this regard, the FMLA expressly states that "[n]othing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or Local law that provides greater family or medical leave rights than the rights established under this Act or any amend made by this Act." 29 C.F.R sec 2651(b); see also C.F.R. sec 825.701(a). (Emphasis added).

Here, SPACEX's alleged abuses – the conduct of which Plaintiff complains – is not governed exclusively by federal law. To the contrary, the only claimed

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6
MOTION TO REMAND

basis for removal *is expressly part of* California law. The simple fact is that *none of Plaintiff's state law claims contains a federal element*. Given this fact, despite the RFA admission, Plaintiff's claims are not ***created by federal law***, nor do any of Plaintiffs' claims ***"necessarily" depend*** on a question of federal law. *See Berg v. Leason*, 32 F.3d 422, 424 (9th Cir. 1994) (holding that a state law claim only "necessarily" depends on a question of federal law if the state claim contains a "federal element" that is "pivotal" to the resolution of the state claim).

Because federal law does not create any cause of action or claim asserted by Plaintiff, and Plaintiff does not rely upon a federal element for purposes of his complaint, Defendant's removal must fail.

Defendant's removal papers, based upon Plaintiff's denial of a single unclear RFA (which should technically be denied because the CFRA expressly incorporates the FMLA), does not overcome ***Defendant's burden*** to demonstrate the case arises ***from federal elements***, particularly given the additional hurdle requiring that the removal be strictly construed against removal jurisdiction, and that all doubts be resolved against removal. Because Defendant failed to carry its burden of removal, and doubts remain as to whether removal was proper in the first instance, this matter must be remanded to the State Court.

## IV. CONCLUSION

For the foregoing reasons, and because Plaintiff has filed a First Amended Complaint (Doc. #17) eliminating reference to the FMLA and relying exclusively upon state law claims, "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction." (*Cohill,* 484 U.S. at 351) and the case should be remanded to state court, as it is "generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

Plaintiff alternatively requests remand because Defendant failed to carry Defendant's burden of demonstrating removal was proper.

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7
MOTION TO REMAND

DATED: November 18, 2015

                        KESLUK, SILVERSTEIN & JACOB, P.C.

                    By: /s/ Michael J. Jacob
                        Douglas N. Silverstein, Esq.
                        Michael G. Jacob, Esq.
                        Attorneys for Plaintiff GILBERT GUZMAN

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8
MOTION TO REMAND

## **CERTIFICATE OF SERVICE**

I hereby certify this 18th day of November, 2015 the foregoing **NOTICE OF MOTION TO REMAND; PLAINTIFF GILBERT GUZMAN'S MOTION TO REMAND DUE TO LACK OF FEDERAL SUBJECT MATTER JURISDICTION; DECLARATION OF MICHAEL G. JACOB** was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Alexander Hernaez, Esq.
Lee Szor, Esq.
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
415-364-5540 | Main
415-391-4436 | Fax
ahernaez@foxrothschild.com
lszor@foxrothschild.com

[*Attorneys for Defendants SPACEX*]

/s/ Michael Bew