Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Lee Szor (SBN: 276381)
lszor@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.364.5540
Facsimile: 415.391.4436

Attorneys for Defendant SPACEX

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation; and DOES 1 through 60, inclusive,<br><br>            Defendants. | Case No.: 2:15-cv-06000-R-RAO<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date: December 21, 2015<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Complaint Filed: March 9, 2015<br>Removal: August 10, 2015<br>Trial: May 17, 2016 |

## I. INTRODUCTION

After filing this case nearly eight months ago, admitting in discovery to pursuing a federal claim under the Family Medical Leave Act ("FMLA"), and opting not to oppose Defendant SpaceX's ("Defendant") removal of this action, only now does Plaintiff Gilbert Guzman ("Plaintiff") seek to remand this case to state court for lack of subject matter jurisdiction. The Court should exercise its discretion to deny this request because (1) federal question jurisdiction existed at the time of removal; (2) Plaintiff cannot compel remand by amending his pleadings to eliminate the FMLA claim that created federal jurisdiction; and (3) principles of economy and fairness support keeping this action in this Court.

As to the first point, federal jurisdiction is weighed at the time of removal and, here, Plaintiff's Complaint asserted a claim under FMLA when Defendant removed this action. It is well-settled that FMLA claims arise under federal law, regardless of their relationship to, or interplay with, the California Family Rights Act ("CFRA").

With respect to the second point, Plaintiff argues federal jurisdiction no longer exists because he has filed a First Amended Complaint (Doc. No. 17) that drops the FMLA claim that served as the basis for removal jurisdiction. This is incorrect. Under applicable precedents, Plaintiff cannot compel remand by amending his pleadings to eliminate a federal question.

Finally, although Plaintiff recently abandoned his FMLA claim, the Court still has discretion to retain jurisdiction over this action based upon principles of economy, convenience, fairness, and comity. Those principles support keeping this case in this Court. Plaintiff created a federal question by pleading a FMLA claim and admitting his pursuit of a FMLA claim in discovery. Now, just six months before trial, he seeks to drop the very claim that resulted in federal jurisdiction and

to force the parties to effectively start over in state court. This is not equitable, and the Court should therefore refuse Plaintiff's request to remand.

## II. ARGUMENT

### A. Legal Standard.

If a claim arising under federal law existed at the time of removal, courts have supplemental jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50, 108 S.Ct. 614 (1988); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990). This is because "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendment." *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.,* 159 F.3d 1209, 1213 (9th Cir. 1998). Accordingly, ***"a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."*** *Id.* (emphasis added); *see also Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam) ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.").

Further, remand is not mandatory if federal question jurisdiction existed at the time of removal and the federal claim is later dismissed. *Carnegie–Mellon*, 484 U.S. at 350–51, 108 S.Ct. 614. Weighing principles of economy, convenience, fairness, and comity, courts have discretion in such cases to continue to exercise their jurisdiction or to remand the action to state court. *Id.* at 349–52, 108 S.Ct. 614. "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* at 357, 108 S.Ct. 614.

//

### B. Plaintiff Pled a FMLA Claim That Gave Rise to Federal Question Jurisdiction at the Time of Removal.

Plaintiff's original Complaint filed on March 9, 2015 included a FMLA claim. (Doc No. 1-4 at ¶¶ 79-91). While this was not clear from the face of the Complaint (*see* Doc. No. 1 at ¶ 3), Plaintiff admitted in discovery to pursuing a FMLA claim. (Doc. No. 1 at ¶¶ 4-5). Specifically, on April 30, 2015, Defendant propounded discovery requests, including Request for Admission No. 18, which asked Plaintiff: "Admit you are not pursuing a claim under the federal Family Medical Leave Act." (*Id.*). Plaintiff issued a denial in response to Request for Admission No. 18, prompting Defendant to remove this action to this Court. (*Id.*). ***California law is clear that FMLA claims arise under federal law.*** *Amante v. VWR International, LLC*, Case No. C 13–cv–03206–JSC, 2013 WL 5187075, at *1 (N.D. Cal. Sept. 16, 2013) ("Because Plaintiff concedes that her Complaint alleged a federal [FMLA] claim[,] … removal was proper under 28 U.S.C. Section 1331…"); *Martinez v. Snow,* Case No. CV F 04 6285 AWI, 2005 WL 189951, at *5 (E.D. Cal. Aug. 5, 2005) ("As there appears to be a possible FMLA claim, this Court would have federal question jurisdiction under 28 U.S.C. § 1331."); *Crosby v. Save Mart Supermarkets, Inc.*, Case No. 2:15–cv–00321–GEB–KJN, 2015 WL 4425983, at *1-2 (E.D. Cal. Jul. 17, 2015) (removal jurisdiction was valid where the plaintiff acknowledged in response to a request for admission to pursuing a FMLA claim).[1]

Plaintiff now argues that removal of this action was improper because his FMLA claim did not arise under federal law. (Doc. No. 18 at pp.6-8). As noted in the authorities above, however, this argument is incorrect; FMLA claims do in fact give rise to federal question jurisdiction. *Amante*, 2013 WL 5187075, at *1; *Martinez*, 2005 WL 189951, at *5; *Crosby*, 2015 WL 4425983, at *1-2. The mere

---

[1] The *Crosby* case was subsequently remanded only because the parties stipulated that the plaintiff's response to the subject request for admission was "erroneous." *Crosby,* 2015 WL 4425983 at *2. There is no such stipulation here.

4

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND     CASE NO. 2:15-cv-06000-R-RAO

fact that CFRA incorporates FMLA by reference does not change this analysis, particularly where, as here, Plaintiff admitted in discovery to pleading a FMLA claim.

### C. Plaintiff Cannot Compel Remand By Abandoning the FMLA Claim that Yielded Federal Jurisdiction.

Plaintiff recently filed a First Amended Complaint that forfeits the FMLA claim. (Doc No. 17). Promptly after filing the First Amended Complaint, Plaintiff filed this remand motion. No new facts have been developed – and none are mentioned in Plaintiff's remand motion – to explain why Plaintiff decided to drop his FMLA claim. The only apparent reason for this decision is to attempt to avoid federal jurisdiction that existed at the time of removal.

This procedural maneuver is improper. The Ninth Circuit has repeatedly held that plaintiffs cannot compel remand by amending their pleadings to eliminate federal jurisdiction. *Sparta Surgical Corp.*, 159 F.3d at 1213 (***"[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."***); *Williams*, 471 F.3d at 976 ("We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."). Since Plaintiff abandoned his FMLA claim for the improper purpose of avoiding federal jurisdiction, the Court should deny the remand motion.

### D. Principles of Fairness Favor the Court Retaining Jurisdiction Over This Action.

As noted above, the Court has discretion to retain jurisdiction over the remaining state law claims, notwithstanding Plaintiff's attempt to deprive the Court of jurisdiction by withdrawing his FMLA claim. *See Carnegie–Mellon*, 484 U.S. at 349–52, 108 S.Ct. 614. In exercising this discretion, the Court should weigh principles of economy, convenience, fairness, and comity. *Id.*

Here, the equitable factors favor the Court retaining jurisdiction over this action. Plaintiff had an opportunity in pre-removal discovery to abandon his FMLA claim and save the parties the time and expense associated with removal, followed by remand, followed by effectively starting over in state court. (Doc. No. 1 at ¶¶ 3-5). Instead, Plaintiff insisted on pursuing a FMLA claim, prompting Defendant to remove this action. (*Id.*). Now, having been in federal court for over three months, and with just six months to go before trial, Plaintiff has dropped his FMLA claim for the sole purpose of seeking remand. According to the U.S. Supreme Court, this sort of "attempt to manipulate the forum" should be taken into account when weighing a remand motion. *Carnegie–Mellon*, 484 U.S. at 357, 108 S.Ct. 614.

Further, this case is not in its early stages as Plaintiff suggests. It was filed over eight months ago and, as Plaintiff acknowledges, both sides have completed "considerable written discovery[.]" (Doc. No. 18 at 5-6). Depositions will be taken in the coming weeks and months, and trial is just six months away; whereas, if the case is remanded to state court, the parties could be forced to wait another year or even two to go to trial. This potential delay could have been avoided had Plaintiff simply forfeited his FMLA claim prior to removal.

### III.  CONCLUSION

Plaintiff created federal jurisdiction by pleading a FMLA claim, but now, just six months before trial, has amended his pleadings to try to deprive this Court of jurisdiction. This sort of forum manipulation is improper and, if remand is granted, will have caused the parties to waste time and incur needless expense. Accordingly, Plaintiff's remand motion should be denied.

//
//
//
//

| | | |
|---|---|---|
| 1 | | |
| 2 | | Respectfully Submitted, |
| 3 | | |
| 4 | Dated: December 1, 2015 | FOX ROTHSCHILD LLP |
| 5 | | |
| 6 | | */s/ Lee B. Szor* |
| | | Alexander Hernaez |
| 7 | | Lee B. Szor |
| | | Attorneys for Defendant SPACEX |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 345 California Street, Suite 2200, San Francisco, CA 94104.

On the date specified below, I filed the foregoing document(s):

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/EMF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed December 1, 2015 at San Francisco, California.

                                             */s/ Elisabeth Paulsen*
                                             ELISABETH PAULSEN