Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com

Attorneys for Plaintiff GILBERT GUZMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation; and DOES 1 through 60, inclusive,<br><br>Defendants. | **CASE NO. 2:15-cv-06000-R-RAO**<br><br>*[Assigned to Courtroom 8 - Honorable Manuel L. Real, Rozella A. Oliver, Magistrate]*<br><br>**PLAINTIFF GILBERT GUZMAN'S REPLY IN SUPPORT OF MOTION TO REMAND DUE TO LACK OF FEDERAL SUBJECT MATTER JURISDICTION**<br><br>Date: December 21, 2015<br>Time: 10:00 a.m.<br>Courtroom: 8<br><br>Complaint filed: March 9, 2015<br>Removal: August 10, 2015<br>Trial Date: May 17, 2016 |

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

REPLY ISO MOTION TO REMAND

## I. INTRODUCTION

After Plaintiff has filed a First Amended Complaint exclusively alleging state-based employment claims, the parties agree this Court has *the discretion* to remand the remaining state law claims to state court because no federal claims remain. (Defendant's Opp. 5:24-28). Plaintiff requests that this Court remand the state court claims consistent with the United States Supreme Court's guidance that "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction" where the federal claims are withdrawn early in a case. *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 351 (1988). Plaintiff's motion also requests remand consistent with Ninth Circuit precedent recognizing it is "generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Defendant's opposition utterly fails to provide any compelling arguments as to why this Court should reject this clear guidance from the U.S. Supreme Court and Ninth Circuit and retain jurisdiction of state law claims.

In addition to being well within this Court's discretion to remand, this matter must also be remanded because Defendant failed to carry its "burden of establishing federal jurisdiction." *Prize Frize, Inc. v. Matrix* (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Defendant's removal papers, based upon Plaintiff's denial of a single unclear RFA (which should technically be denied because the CFRA expressly incorporates the FMLA),[1] does not meet ***Defendant's burden*** to demonstrate the case arises ***from federal elements***, particularly given the strict

---

[1] Defendant did not move for removal initially, noting the complaint was "unclear from the face of Plaintiff's complaint whether the Sixth Cause of Action is brought solely pursuant to the [CFRA]…" Szor Decl., ¶3. Defendant thereafter served a Request for Admission upon Plaintiff in state court, asking "Admit that you are not pursuing a claim under the federal Family Medical Leave Act." Szor Decl., ¶¶4-5. Plaintiff denied the RFA because the CFRA expressly "incorporates by reference" the FMLA. 2 Cal. Code Reg. § 7297.10. Defendant thereafter filed a Notice of Removal asserting that Plaintiff clarified he is "pursuing a claim under the FMLA." Szor Decl., ¶5.

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1
REPLY ISO MOTION TO REMAND

construction against removal jurisdiction and that "federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (Emphasis added).

Because only state law claims are at issue, and doubts remain as to the propriety of removal in the first place, federal jurisdiction must be rejected and the Court should remand this matter back to state court.

## II. ARGUMENT

### A. The United States Supreme Court Is Clear that it is Preferable to Remand State Law Claims to State Court when the Federal Claim is Removed Early in the Litigation

Where removal was based on a federal question, and the federal claim has been eliminated, the court may either retain, remand or dismiss supplemental state claims. *Taylor v. First of America Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1993); *Robertson v. Neuromedical Center* (5th Cir. 1998) 161 F.3d 292, 296.

Defendant removed this action on August 10, 2015. (Doc #4). After the parties met and conferred, on November 18, 2015, Plaintiff filed a First Amended Complaint eliminating any reference in his Complaint to the FMLA, making clear that he only relies upon state law FEHA based claims and the CFRA. (Doc. #17).

The parties agree the Court has the discretion to remand this matter because only state law claims remain. (Opposition 5:24-28). In situations such as this one where the federal claims are withdrawn early in a case, the United States Supreme Court makes clear that "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction." *Carnegie-Mellon v. Cohill,* 484 U.S. 343, 351 (1988). The Ninth Circuit has followed suit, making clear that while the Court retains wide discretion, it is "generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co*., 934 F.2d 203, 205 (9th Cir. 1991). The Ninth Circuit is also clear that in the usual case, the district

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2
REPLY ISO MOTION TO REMAND

court should remand the matter once the federal claim is removed, "the balance of factors will weigh toward remanding any remaining pendent state claims to state court. (*Citation omitted*)." *Id.*; *see also* 28 U.S.C. § 1367(c)(3).

Defendant makes a half-hearted attempt to claim that Plaintiff has strategically manipulated the forum to obtain advantage in the litigation. (Opp. 6:5-11). Despite this superficial claim, Defendant's motion is devoid of any argument or analysis as to how a separate FMLA claim would provide any "advantage" to Plaintiff, particularly when the FMLA is expressly incorporated by referenced into CFRA. *Id.*

Defendant next attempts to challenge remand noting that "both sides have completed considerable written discovery" (Opp. 6:12-14), but self-servingly omits reminding the Court that all written discovery to date has already been propounded and responded to in ***the state court proceeding*** (Jacob Decl., ¶¶2-3). This state court discovery pursuant to the ***California Code of Civil Procedure*** includes:

| Tab No. | Discovery Title | Served By | Date |
|---|---|---|---|
| 1 | Form Interrogatories-General, Set No. One | Defendant | 04/30/15 |
| 2 | Form Interrogatories-Employment Law, Set No. One | Defendant | 04/30/15 |
| 3 | Special Interrogatories, Set One | Defendant | 04/30/15 |
| 4 | Requests for Production of Documents, Set One | Defendant | 04/30/15 |
| 5 | Requests for Admission, Set No. One | Defendant | 04/30/15 |
| 6 | Form Interrogatories-Employment Law, Set No. One | Plaintiff | 05/14/15 |
| 7 | Form Interrogatories-General, Set No. One | Plaintiff | 05/14/15 |
| 8 | Request for Production of Documents, Set No. One | Plaintiff | 05/14/15 |
| 9 | Subpoena for Production of Records (Chubb Group) | Plaintiff | 07/02/15 |
| 10 | Response to Form Interrogatories-General, Set One | Plaintiff | 07/09/15 |
| 11 | Response to Form Interrogatories-Employment Law, Set One | Plaintiff | 07/09/15 |

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3
REPLY ISO MOTION TO REMAND

| 12 | Response to Special Interrogatories, Set One | Plaintiff | 07/09/15 |
| --- | --- | --- | --- |
| 13 | Response to Requests for Admission, Set One | Plaintiff | 07/09/15 |
| 14 | Response to Requests for Production of Documents, Set One | Plaintiff | 07/09/15 |
| 15 | Response to Form Interrogatories- Employment Law, Set One | Defendant | 07/23/15 |
| 16 | Response to Form Interrogatories- General, Set One | Defendant | 07/23/15 |
| 17 | Response to Request for Production of Documents, Set One | Defendant | 07/23/15 |

Jacob Decl., ¶¶2-3. Defendant again makes no attempt to explain how the parties' conducting substantial state court discovery *in the state court proceeding* weighs against remand. The opposite is clearly true, and the matter should be remanded to the court where considerable written discovery has already taken place according to the California Code of Civil Procedure.

Defendant's opposition does not dispute the reality that little has occurred to date in terms of federal litigation or discovery. Jacob Decl., ¶¶2-5. To the contrary, aside from initial disclosures, a joint stipulation to continue the trial dates and a single deposition noticed for January 2016, [2] there is little reason for this court to retain jurisdiction because there has been practically no federal motion practice or formal discovery. Jacob Decl., ¶¶2-3.

Defendant concludes by arguing that trial is six months away and suggests that if remanded, the parties "could" be forced to wait for trial and this "potential delay" could have been avoided. (Opp. 6:12-18). Defendant's opposition, and therefore the Court's record, is devoid of any claim of prejudice as a result of the purported "potential delay," as none exists. Plaintiff wants to bring this matter promptly to trial as much or more so than Defendant.

The balance of economies, convenience, fairness and comity in this case

---

[2] Defendant has noticed Plaintiff's deposition in late January 2016 and Plaintiff has agreed to appear. If remanded, Plaintiff will appear for this date as if noticed pursuant to the California Code of Civil Procedure.

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4
REPLY ISO MOTION TO REMAND

clearly favors remand. *Carnegie-Mellon,* 484 U.S. at 349-352, 108 S.Ct. 614. In addition to the Court having a "powerful reason" to decline to exercise jurisdiction because only state law claims remain, and the fact it is "generally preferable" that the district court remand a case no longer containing federal claims early on in the proceeding, the procedural history of this case, including substantial state law discovery, contrasted against virtually no federal motion practice and discovery, also strongly weighs heavily in favor of remanding the matter to state court. The Court thus has every reason to follow the Supreme Court's guidance in *Carnegie-Mellon* and the Ninth Circuit's in *Harrell* to remand the pendent claims to state court.

### B. Defendant SPACEX Did Not Carry Its Burden of Demonstrating Federal Question and Doubts Remain as to the Propriety of Removal

To establish the existence of federal question jurisdiction, SPACEX must demonstrate that at least one of Plaintiff's claims "arises under" federal law. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474-75, 139 L. Ed. 2d 912, 118 S. Ct. 921, 925 (1998) (citing 28 U.S.C. § 1331). It is well established that "the party who brings a suit is master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co*., 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), and "if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." Sullivan, 813 F.2d at 1372 (citing, *inter alia,* 1 A.J. Moore & B. Ringle, *Moore's Federal Practice,* ¶ 0.160[3.-3], at 231-32 (2d ed. 1986)).

Defendant's removal papers, based upon Plaintiff's denial of a single unclear RFA (which should technically be denied because the CFRA expressly incorporates the FMLA), does not overcome ***Defendant's burden*** to demonstrate the case arises ***from federal elements***, particularly given the additional hurdle requiring that the removal be strictly construed against removal jurisdiction, and that all doubts be resolved against removal.

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5
REPLY ISO MOTION TO REMAND

Moreover, in *Crosby v. Save Mart Supermarkets, Inc.*, Case No. 2:15-cv-00321-GEB-KJN, 2015 WL 4425983 (E.D. Cal. July 17, 2015), a case cited by Defendant in its opposition papers, the District Court actually remanded a matter to state court where the parties stipulated that the subject request for admission, similarly stating that Plaintiff was pursuing a claim "*under the Family and Medical Leave Act*" was "erroneous." *Crosby* 2015 WL 4425983 at *2. Defendant attempts to distinguish the *Crosby* Court's decision to remand because the parties there stipulated the request for admission was "erroneous." This case is analogous to the Court's remand decision in *Crosby*. Here, Plaintiff filed a first amended complaint outright dismissing and abandoning any reference to FMLA claim. This abandonment of the FMLA is akin to the express abandonment of the RFA by stipulation in *Crosby*, and similarly calls for remand.

In addition to clearly having the discretion to remand because the First Amended Complaint exclusively relies upon state law claims, in moving for remand based upon a single request for admission, **Defendant has failed to meet its burden** of demonstrating federal question jurisdiction given the strict construction against removal, and "federal jurisdiction must be rejected if there is **any doubt** as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (Emphasis added). Because Defendant failed to carry its burden of removal, and doubts remain as to whether removal was proper in the first instance, this matter must be remanded to the State Court.

### III. CONCLUSION

For the foregoing reasons, and because Plaintiff has filed a First Amended Complaint (Doc. #17) eliminating reference to the FMLA and relying exclusively upon state law claims, "the District Court ha[s] a powerful reason not to continue to exercise jurisdiction." (*Cohill,* 484 U.S. at 351) and the case should be remanded to state court, as it is "generally preferable for a district court to remand remaining

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6
REPLY ISO MOTION TO REMAND

pendent claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Plaintiff alternatively requests remand because Defendant failed to carry Defendant's burden of demonstrating removal was proper and doubts remain as to the propriety of removal.

DATED: December 7, 2015

         KESLUK, SILVERSTEIN & JACOB, P.C.

         By: /s/ Michael J. Jacob
          Douglas N. Silverstein, Esq.
          Michael G. Jacob, Esq.
          Attorneys for Plaintiff GILBERT GUZMAN

*Kesluk, Silverstein & Jacob, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7
REPLY ISO MOTION TO REMAND

## CERTIFICATE OF SERVICE

I hereby certify this 7th day of December, 2015 the foregoing **PLAINTIFF GILBERT GUZMAN'S REPLY IN SUPPORT OF MOTION TO REMAND DUE TO LACK OF FEDERAL SUBJECT MATTER JURISDICTION** was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Alexander Hernaez, Esq.
Lee Szor, Esq.
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
415-364-5540 | Main
415-391-4436 | Fax
ahernaez@foxrothschild.com
lszor@foxrothschild.com

[*Attorneys for Defendants SPACEX*]

/s/ Michael Bew