Alexander Hernaez (SBN: 201441)
ahernaez@foxrothschild.com
Lee Szor (SBN:  276381)
lszor@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, CA 94104
Telephone: 415.364.5540
Facsimile: 415.391.4436

Attorneys for Defendant SPACEX

# UNITED STATED DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware corporation; and DOES 1 through 60, inclusive,<br><br>                    Defendants. | Case No.: 2:15-cv-06000-R-RAO<br><br>**DEFENDANT SPACEX'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  March 9, 2015<br>FAC Filed:          November 18, 2015<br>Trial:                    May 17, 2016 |

1

Defendant SpaceX ("Defendant") submits its Answer to the First Amended Complaint for Damages ("Complaint") of Plaintiff Gilbert Guzman ("Plaintiff") as follows:

Defendant denies each and every allegation in the Complaint not specifically admitted herein. Defendant further denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever.

Responding specifically to the numbered allegations contained in the Complaint, Defendant states the following:

1.      Defendant admits that it employed Plaintiff Gilbert Guzman in Hawthorne, California. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies those allegations in their entirety

2.      Admitted.

3.      Defendant lacks information and knowledge sufficient to form a belief as to the truth of these allegations and, on that basis, denies them in their entirety.

4.      Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

5.      Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED          CASE NO. 2:15-cv-06000-R-RAO
COMPLAINT FOR DAMAGES

6.      Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

7.      Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

8.      Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

9.      Denied except that Defendant admits Plaintiff filed Charges with the California DFEH. The Charges speak for themselves. Defendant denies that this Lawsuit is timely filed.

## GENERAL ALLEGATIONS

10.      Defendant admits that it employed Plaintiff Gilbert Guzman as a Propulsion Technician from on or about August 18, 2008, to on or about August 13, 2014.

11.      Defendant admits that, on July 7, 2014, Plaintiff sent an email to Heather Lord (Defendant's former Benefits and Relocation Specialist), Jacob Braff (Defendant's Propulsion Production Supervisor), and Gustavo Litvin (Defendant's Lead Propulsion Technician), stating "I've been having lower back pain for some time now so I took the liberty of seeing a [sic] Orthopedic Dr today to have my

3

back checked out. The Dr. has put me on two weeks rest and scheduled an MRI for tomorrow. I have attached the prescription and contact information for your files. I shall keep you posted on the MRI results and plan to return as soon as I get the Dr's ok." The remaining statements in paragraph 11 constitute arguments and legal conclusions to which Defendant is not required to respond.

12.     Defendant admits that, on July 7, 2014, Plaintiff sent an email to Heather Lord (Defendant's former Benefits and Relocation Specialist), Jacob Braff (Defendant's Propulsion Production Supervisor), and Gustavo Litvin (Defendant's Lead Propulsion Technician), stating "I've been having lower back pain for some time now so I took the liberty of seeing a [sic] Orthopedic Dr today to have my back checked out. The Dr. has put me on two weeks rest and scheduled an MRI for tomorrow. I have attached the prescription and contact information for your files. I shall keep you posted on the MRI results and plan to return as soon as I get the Dr's ok." Defendant denies the remaining allegations in this paragraph.

13.     Defendant admits that Elon Musk emailed employees about raises and stock awards on July 18, 2014. Defendant denies the remaining allegations in this paragraph.

14.     Defendant admits receiving from Plaintiff an email attaching what appeared to be a doctor's note prescribing that Plaintiff remaining off work through August 7, 2017. Defendant denies receiving a doctor's note extending Plaintiff's leave to August 22, 2014, or any communication from Plaintiff to that effect, during Plaintiff's employment.

15.     Defendant admits that, on August 13, 2014, Defendant received a letter dated July 22, 2014 from Plaintiff's counsel stating that Plaintiff's leave was a result of an industrial injury and that Defendant should communicate with Plaintiff's counsel regarding the alleged injury.

4

16.     Defendant admits that, on August 6, 2014, Plaintiff emailed Defendant to request his written review and inquire about retroactive pay. Defendant further admits that, on July 29, 2014, Jacob Braff sent Plaintiff an emailing stating, "I'd like to go over the review in person as I did with everyone else. We can do this upon your return. Get well, Jacob Braff." Defendant further admits that, on August 6, 2014, Jacob Braff informed Plaintiff via email, "I can't finalize the review until I go over it with you in person. We can meet tomorrow to go over this." Defendant denies the remaining allegations in this paragraph.

17.     Defendant admits that, on August 6, 2014, Plaintiff sent Defendant an email stating, "Hi, will you please let me know who I can speak to in H.R., I have some questions to ask. Thanks, Gilbert Guzman."

18.     Defendant admits that, on August 6, 2014, Monica Jáuregui sent Long Kim Tran an email stating, "Long, Can you please contact Gilbert for his questions? Thanks! Best, Monica Jauregui[,] Security Officer" Defendant denies the remaining allegations in this paragraph.

19.     Defendant admits that Plaintiff abandoned his job.  Defendant admits that the "Closing Statement" dated August 7, 2014, states, "Termination Date: 08-August-2014." Defendant denies the remaining allegations in this paragraph.

20.     Admitted except that Catarina Lewis (née Pham) was Defendant's Human Resources Representative.

**FIRST CLAIM**

21.     Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 20 of the Complaint.

22.     This paragraph contains arguments and legal conclusions and therefore no response is required.

23.     Defendant admits that Plaintiff took time off for an alleged injury to his back and that, according to statements received from Plaintiff and/or his

5

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED
COMPLAINT FOR DAMAGES

CASE NO. 2:15-cv-06000-R-RAO

physician, he was cleared to return to work without restriction effective August 7, 2014. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining factual allegations and, on that basis, denies them in their entirety. To the extent this paragraph contains arguments and legal conclusions, Defendant is not required to respond.

24.     Defendant admits that Plaintiff took time off for to an alleged injury to his back and that, according to statements received from Plaintiff and/or his physician, he Plaintiff was cleared to return to duty without restriction effective August 7, 2014. To the extent this paragraph contains arguments and legal conclusions, Defendant is not required to respond.

25.     Defendant admits that Plaintiff took time off for to an alleged injury to his back and that, according to statements received from Plaintiff and/or his physician, he Plaintiff was cleared to return to duty without restriction effective August 7, 2014. To the extent this paragraph contains arguments and legal conclusions, Defendant is not required to respond.

26.     Defendant admits that Plaintiff took time off for to an alleged injury to his back and that, according to statements received from Plaintiff and/or his physician, he Plaintiff was cleared to return to duty without restriction effective August 7, 2014. To the extent this paragraph contains arguments and legal conclusions, Defendant is not required to respond.

27.     Denied.

28.     Denied. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

29.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff

has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever.

30.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever.

31.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever.

32.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

33.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

34.     This paragraph contains arguments and legal conclusions and therefore no response is required.

## SECOND CLAIM

35.     Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 34 of the Complaint.

36.     This paragraph contains arguments and legal conclusions and therefore no response is required. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED
COMPLAINT FOR DAMAGES                                    CASE NO. 2:15-cv-06000-R-RAO

37.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

38.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

39.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

40.     Defendant denies that it has caused Plaintiff the damages alleged or that it engaged in wrongful conduct. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

41.     Defendant denies that it has caused Plaintiff the damages alleged or that it engaged in wrongful conduct. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

42.     Defendant denies that it has caused Plaintiff the damages alleged. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

8

To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

43.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

44.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

45.     This paragraph contains arguments and legal conclusions and therefore no response is required.

### THIRD CLAIM

46.     Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 45 of the Complaint.

47.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

48.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

49.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that

9

basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

50.     Defendant denies that it has caused Plaintiff the damages alleged or that it engaged in wrongful conduct. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

51.     Defendant denies that it has caused Plaintiff the damages alleged or that it engaged in wrongful conduct. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

52.     Defendant denies that it has caused Plaintiff the damages alleged. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

53.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

54.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

55.     This is a legal allegation and therefore no response is required.

## FOURTH CLAIM

56.     Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 55 of the Complaint.

57.     This paragraph contains arguments and legal conclusions and therefore no response is required.

10

58.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

59.     Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

60.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

61.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

62.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes

Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

63.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

64.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

65.     This paragraph contains arguments and legal conclusions and therefore no response is required.

## FIFTH CLAIM

66.     Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 65 of the Complaint.

67.     This is a legal allegation and therefore no response is required.

68.     Defendant admits that, on August 6, 2014, Plaintiff emailed Defendant to request his written review and inquire about retroactive pay. Defendant further admits that, on July 29, 2014, Jacob Braff sent Plaintiff an emailing stating, "I'd like to go over the review in person as I did with everyone else. We can do this upon your return. Get well, Jacob Braff." Defendant further admits that, on August 6, 2014, Jacob Braff informed Plaintiff via email, "I can't finalize the review until I go over it with you in person. We can meet tomorrow to go over this." Defendant denies the remaining allegations in this paragraph.

69.     Defendant admits that, on August 6, 2014, Plaintiff sent Defendant an email stating, "Hi, will you please let me know who I can speak to in H.R., I have some questions to ask. Thanks, Gilbert Guzman."

12

70.  Denied.

71.  Denied.

72.  Denied as to the allegations pertaining to Defendant. To the extent the allegations pertain to Doe defendants, Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

73.  Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

74.  Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

75.  Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

76.  Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

13

77.    This paragraph contains arguments and legal conclusions and therefore no response is required.

### SIXTH CLAIM

78.    Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 77 of the Complaint.

79.    This paragraph contains arguments and legal conclusions and therefore no response is required.

80.    This paragraph contains arguments and legal conclusions and therefore no response is required.

81.    Defendant admits that Plaintiff took time off for an alleged injury to his back and that, according to statements received from Plaintiff and his physician, was cleared to return to work without restriction on August 7, 2014. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining factual allegations and, on that basis, denies them in their entirety. To the extent this paragraph contains arguments and legal conclusions, Defendant is not required to respond.

82.    Denied.

83.    Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

84.    Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

85.    Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge

14

sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

86.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

87.     Defendant denies that Plaintiff has suffered any injury, damage, or loss by reason of any act or omission on the part of Defendant, denies that Plaintiff has been damaged in any amount whatsoever, and denies that Defendant owes Plaintiff any amounts whatsoever. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

88.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

89.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

90.     This paragraph contains arguments and legal conclusions and therefore no response is required.

91.     This paragraph was omitted from the Complaint.

## SEVENTH CLAIM

92.     Defendant repeats and incorporates by reference each of its responses to paragraphs 1 through 91 of the Complaint.

15

93.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

94.     This paragraph contains arguments and legal conclusions and therefore no response is required.

95.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

96.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

97.     Defendant denies that it has caused Plaintiff the damages alleged or that it engaged in wrongful conduct. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

98.     Defendant denies that it has caused Plaintiff the damages alleged or that it engaged in wrongful conduct. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety.

99.     Defendant denies that it has caused Plaintiff the damages alleged. Defendant lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them in their entirety. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

100.     Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

16

101.   Denied as to the allegations pertaining to Defendant. To the extent the paragraph contains arguments and legal conclusions, Defendant is not required to respond.

### **AFFIRMATIVE DEFENSES**

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

First AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Neither the Complaint nor any cause of action set forth in the Complaint states facts sufficient to constitute a cause of action against Defendant.

Second AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to those set forth in the provisions of California Code of Civil Procedures sections 335.1, 337, 338, 339, 340, and 343, Government Code sections 12960 and 12965, and any other applicable statute of limitation.

Third AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

The Complaint is barred because appropriate administrative remedies have not been exhausted as to Defendant and/or as to any alleged cause of action that has not been made the subject of a timely administrative charge filed with the Department of Fair Employment and Housing or other similar agency as required by California Government Code section 12960, *et seq.*

/ / /

/ / /

/ / /

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED          CASE NO. 2:15-cv-06000-R-RAO
COMPLAINT FOR DAMAGES

Fourth AFFIRMATIVE DEFENSE

**(Settlement and Release of Claims)**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred, or at least limited, to the extent Plaintiff previously settled and released his claims against Defendant.

Fifth AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Laches, Excuse, Mistake, and Unclean Hands)**

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches, excuse, mistake, and/or unclean hands.

Sixth AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

Plaintiff's recovery is limited in whole or in part by the doctrine of after-acquired evidence.

Seventh AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff's claims are barred or diminished by the failure of Plaintiff to mitigate.

Eighth AFFIRMATIVE DEFENSE

**(Losses Caused by Plaintiff)**

Defendant, denying any wrongdoing on its part, and expressly denying that Plaintiff has been damaged as alleged, asserts that any damage or pecuniary loss Plaintiff has sustained has been proximately caused by Plaintiff's own actions or inactions.

Ninth AFFIRMATIVE DEFENSE

**(No Injury to Plaintiff / Losses *De Minimis*)**

Defendant, denying any wrongdoing on its part, asserts that Plaintiff has not suffered any injury, damage, loss or harm due to any actions of Defendant or any

18

failure to act by Defendant, or that any damage or pecuniary loss Plaintiff has sustained is *de minimis*.

Tenth AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Attorneys' Fees)**

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

Eleventh AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

Any claim for punitive damages is unconstitutional under the California and Federal Constitutions and in particular pursuant to the due process, equal protection and/or excessive fines clauses contained therein.

Twelfth AFFIRMATIVE DEFENSE

**(Failure to State Claim to Support Punitive Damages)**

Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a)     Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice (Cal. Civ. Code § 3294(a));

(b)     Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff, or that Defendant was motivated by evil motive or intent; and

(c)     Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others (Cal. Civ. Code § 3294(b)).

/ / /

19

Thirteenth AFFIRMATIVE DEFENSE

**(Workers' Compensation Act Exclusivity)**

Plaintiff's claims, to the extent they are based in whole or in part upon any alleged physical or emotional injury or distress, are barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*

Fourteenth AFFIRMATIVE DEFENSE

**(Legitimate Non-Discriminatory Business Reasons)**

There were legitimate, non-retaliatory, nondiscriminatory business reasons for the decisions about which Plaintiff complains.

Fifteenth AFFIRMATIVE DEFENSE

**(Outside Course and Scope of Employment)**

Defendant is not liable for any acts or omissions of any person who was not acting within the course and scope of his/her duties as an employee, agent, director, officer, or constituent member of Defendant.

Sixteenth AFFIRMATIVE DEFENSE

**(Actions Outside Control of Defendant)**

Any harm or injury suffered by Plaintiff, the existence of such harm or injury being specifically denied, is the result of the actions of others not within the control of Defendant.

Seventeenth AFFIRMATIVE DEFENSE

**(No Wrongful Conduct By Managing Agents)**

Plaintiff has not alleged and/or cannot demonstrate any wrongful conduct by any managing agents, and Defendant further alleges that it never ratified or condoned any unlawful or tortious conduct of any employee or individuals.

/ / /

/ / /

20

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED
COMPLAINT FOR DAMAGES

CASE NO. 2:15-cv-06000-R-RAO

Eighteenth AFFIRMATIVE DEFENSE

**(Non-Willful Conduct)**

Even if the misconduct as alleged by Plaintiff occurred, which Defendant denies, such misconduct was not carried out in conscious disregard of Plaintiff's rights, nor was it willful, intentional, knowing or deliberate.

Nineteenth AFFIRMATIVE DEFENSE

**(No Malice / Good Faith)**

Some or all of Plaintiff's claims for damages alleged in the Complaint are barred in that all decisions and actions of Defendant with respect to the subject matter of this lawsuit were undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper and justified means to further its legitimate economic interests.

Twentieth AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably delayed in taking, or failed to take, advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

Twenty-first AFFIRMATIVE DEFENSE

**(Failure to Plead with Sufficient Particularity)**

Plaintiff has failed to set out his claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses as the factual basis for these claims become known.

Twenty-second AFFIRMATIVE DEFENSE

**(Allegations Exceed Scope of Administrative Complaint)**

Plaintiff's claims are barred in whole or in part to the extent the acts or

21

omissions alleged in Plaintiff's Complaint exceed the allegations alleged in Plaintiff's administrative complaint of discrimination to the California Department of Fair Employment and Housing.

Twenty-third AFFIRMATIVE DEFENSE

**(Speculative and Uncertain Damages)**

Plaintiff's damages, if any, are speculative and uncertain and thus cannot be recovered.

Twenty-fourth AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff's claims are barred in whole or in part, or the relief under such claims is limited, because Plaintiff consented to the alleged conduct.

Twenty-fifth AFFIRMATIVE DEFENSE

**(Privilege / Justification)**

Plaintiff's claims are barred in whole or in part because any alleged acts and/or omissions attributable to Defendant were justified and/or privileged.

Twenty-sixth AFFIRMATIVE DEFENSE

**(Undue Hardship)**

Plaintiff's claims are barred in whole or in part because any proposed accommodations of Plaintiff's alleged disability would create an undue hardship to the operation of Defendant's business.

Twenty-seventh AFFIRMATIVE DEFENSE

**(Health or Safety Risk)**

Plaintiff's claims are barred in whole or in part because, even with reasonable accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one essential job duty without endangering his health or safety or the health or safety of others.

/ / /

22

Twenty-eighth AFFIRMATIVE DEFENSE

**(Inability to Perform Essential Job Duty)**

Plaintiff's claims are barred in whole or in part because, even with reasonable accommodations of Plaintiff's alleged disability, Plaintiff was still unable to perform at least one essential job duty.

Twenty-ninth AFFIRMATIVE DEFENSE

**(No Certification from Health Care Provider)**

Plaintiff's claims are barred in whole or in part because Plaintiff did not provide a health-care provider's certification of his need for leave.

Thirtieth AFFIRMATIVE DEFENSE

**(Employment Would Have Ceased)**

Defendant was not required to allow Plaintiff to return to work when his medical leave ended because his employment would have ended for other reasons.

Thirty-first AFFIRMATIVE DEFENSE

**(Plaintiff Failed to Engage in Interactive Process)**

Plaintiff did not properly engage in the interactive process, including by failing to communicate.

Thirty-second AFFIRMATIVE DEFENSE

**(Business Necessity)**

Plaintiff's Complaint is barred because the decisions about which Plaintiff complains were based on business necessity.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

/ / /

23

WHEREFORE, Defendant prays:

1.   That Plaintiff take nothing by the Complaint;

2.   That the Complaint be dismissed with prejudice;

3.   That Defendant recovers its costs of suit herein, including reasonable attorneys' fees; and

4.   That this Court grant such other further relief as it may deem appropriate.


Dates:   December 7, 2015                  Respectfully Submitted,

                                          FOX ROTHSCHILD LLP


                                          /s/ *Lee B. Szor*
                                          Alexander Hernaez
                                          Lee B. Szor
                                          Attorneys for Defendant SPACEX

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED                    CASE NO. 2:15-cv-06000-R-RAO
COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California.  I am over the age of 18 years and not a party to this action; my business address is:  345 California Street, Suite 2200, San Francisco, CA 94104.

On the date specified below, I filed the foregoing document(s):

**DEFENDANT SPACEX' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

with the Clerk of the Court for the United States District Court by using the CM/ECF system. Participants in the case who are registered CM/EMF users will be served by the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed December 7, 2015 at San Francisco, California.

Charlene Bryant

DEFENDANT SPACEX'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

CASE NO. 2:15-cv-06000-R-RAO