JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT GUZMAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Delaware Corporation; and DOES 1 through 60, inclusive;<br><br>    Defendants. | CASE NO. CV 15-6000-R<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

Before the Court is Plaintiff's Motion to Remand, which was filed on November 18, 2015. (Dkt. No. 18). This Court took the matter under submission on December 15, 2015.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal

jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Id.* Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.*

Federal question jurisdiction is governed by the "well-pleaded complaint rule." Under that principle, subject matter jurisdiction is proper only when a federal question appears on the face of a complaint. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, a defendant cannot remove solely "on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue" in the case. *Id.* at 393.

Even when properly removed in the first instance, "a district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining, upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)) (internal quotation marks omitted). This discretionary power allows "district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Cohill*, 484 U.S. at 357. Attempts by the Plaintiff to manipulate the appropriateness of the forum can be taken into account by the trial court when determining whether remand would be proper. *Id.*

Even assuming, *arguendo*, that removal of this case was proper under this Court's federal question and supplemental jurisdiction, both parties agree that any potential basis for removal jurisdiction is no longer in the Plaintiff's First Amended Complaint. As a result, both parties agree that this Court has the discretion to remand this case if in the interest of judicial economy, convenience, fairness, and comity. Discovery has begun in this case, but it has all occurred in the state court proceeding. While the Defendant suggests that remand might delay its day in court for a year or more, it provides absolutely no basis for this assertion. Considering that this case was removed to this Court only in August, very little federal motion practice has occurred, and significant discovery has already commenced at the state court; the interests of judicial economy,

1 convenience, fairness, and comity all weigh in favor of remand here.  When also factoring in the
2 ambiguous nature of the merits for removal in the first instance and the strong presumption against
3 removal jurisdiction generally, this Court may and does, fairly and justifiably, REMAND this case
4 to the Superior Court of the State of California.  *See generally Gaus*, 980 F.2d at 566.

   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED.  (Dkt. No. 18).

Dated: December 18, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE